## A89A0208. LIGHTWERK STUDIOS, INC. et al. v. DOOR UNITS OF GEORGIA, INC.
### (382 SE2d 699)

Deen, Presiding Judge.

A contract between appellant Lightwerk Studios, Inc. (Lightwerk), and Door Units of Georgia, Inc., d/b/a Trimline Sales Company (Trimline), whereby the latter would supply specified models of doors in which Lightwerk would install panels of a certain size and type, led to a suit on account by Trimline against Lightwerk and Thomas Santora, seeking principal due, plus interest and attorney fees. The trial court granted certain motions of appellee Trimline and also granted partial summary judgment as to principal ($1,344.67), interest ($322.72), and costs ($84.50). A direct appeal asserting the same errors as those enumerated herein was filed in this court in February 1987. *Lightwerk Studios v. Door Units of Ga.*, 184 Ga. App. 148 (361 SE2d 32) (1987). That appeal was dismissed pursuant to OCGA § 5-6-35 (a) (6), which makes discretionary all appeals in actions for damages in which the amount at issue is $2,500 or less. This court held that since the other rulings in the trial court (including a counterclaim for breach of contract and warranties) were interlocutory, the cited Code section, supra, was applicable and mandated dismissal. See OCGA § 5-6-34. Lightwerk's counterclaim under *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), was voluntarily dismissed May 17, 1988, thereby rendering final the trial court's judgment of October 14, 1986, and the instant appeal followed.

Appellant Santora, a principal in Lightwerk, had signed a personal guaranty of payment to Trimline. A licensed attorney, he appeared as counsel for Lightwerk but acted *pro se* in his personal capacity. The record is replete with disputes over discovery matters; allegations and counter-allegations of bad faith, including avoidance of service of process and failure to give proper notice; and additional recriminations of various sorts. Lightwerk claims that it was put to extra expense and also encountered customer complaints because Trimline allegedly ceased to supply the two sorts of doors for which Lightwerk had designed its custom fittings, and because the doors supplied were defective. Trimline alleged that Lightwerk had raised these objections only after demand for payment had been made. *Held*:

We have thoroughly reviewed not only the record in the instant appeal but also that of the 1986 appeal, cited supra. Our review leads us to the following conclusions regarding appellants' enumerations.

1. The evidence indicates that defendants/appellants were uncooperative in arranging for discovery, to the extent of justifying the trial court's granting appellee's motion to strike appellants' answer and counterclaim. In striking the answer and counterclaim in a fact

situation almost exactly like that in the instant case, this court held in *Freeman v. Ripley*, 177 Ga. App. 522, 523 (339 SE2d 795) (1986): "We find no abuse of the trial court's discretion." Likewise, we find none here, and the first enumeration is without merit.

2. The trial court did not err in granting appellee's motion regarding the assessment of attorney fees against defendant/appellant for expenses incurred when appellants failed to appear for lawfully noticed depositions and to provide other requested discovery items promptly and fully. See OCGA § 9-11-37 (a) 4; *Freeman v. Ripley*, supra. This enumeration, likewise, is devoid of merit.

3. The trial court properly granted partial summary judgment to Trimline as to principal amount due, pre- and post-judgment interest, and costs. "When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise as provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment . . . shall be entered against him." OCGA § 9-11-56 (e). Lightwerk was unable successfully to refute the figures set forth by appellee and therefore did not meet its statutory burden. See also OCGA § 9-11-36 (a). We find no error here.

4. The trial court did not err in granting Trimline's motion to compel discovery. Appellants' conduct, as indicated by the record, was such as to make such an order highly appropriate in the circumstances of the instant case. See OCGA § 9-11-37. This enumeration has no merit.

5. It is undisputed that appellant Santora, an experienced attorney and the attorney of record for appellant Lightwerk, received "lawful" notice of the October 14, 1986, hearing, despite his contentions to the contrary. It is undisputed that notice of the hearing appeared in the Fulton County Daily Report. Santora, like any other litigant, is deemed thereby to have received legally sufficient notice of the hearing. This enumeration is also without merit.

6. In the circumstances of the instant case, we find no error in the trial court's granting Trimline's motion for a protective order. OCGA § 9-11-26 (c) provides that the trial court (or, in certain instances, another appropriate court) may enter an order "to protect a party or person from annoyance . . . or undue burden or expense, including . . . (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place." The record indicates that such an order was clearly authorized in the fact situation below. This enumeration, too, is without merit.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 23, 1989 —
REHEARING DENIED JUNE 2, 1989 —

Jacqueline Santora, *pro se.*
*Thomas Santora,* pro se.
*J. Guy Sharpe, Jr.,* for appellee.