A92A2127. ROBERTSON v. WHEELER et al.
(429 SE2d 714)

BIRDSONG, Presiding Judge.

Oscar Robertson entered into a contract in which he agreed to pay John Wheeler, Sylvia Wheeler Roberts, and Roy Roberts ("the sellers") $1,065,000 for certain real property, and they agreed to furnish marketable title to the property. When Robertson did not appear at the closing, the sellers filed the suit seeking specific performance.

Robertson's enumeration of error contends the trial court erred in granting summary judgment because the summary judgment was based solely on his failure to file a response to the sellers' motion for summary judgment and statement of disputed facts. Indeed, the order granting summary judgment to the sellers reads as follows: "The court notes that there is no response to plaintiffs' motion for summary judgment, as well as no statement of disputed facts; therefore, this court finds no genuine dispute of fact as to liability for breach of contract for the sale of land, and plaintiffs are entitled to summary judgment as to liability as a matter of law." The order, however, denied summary judgment to the sellers on their entitlement to specific performance of the contract because the trial court found a genuine issue of material fact on whether there was a 16-year gap in the sellers' title to the property.

Robertson's motion for summary judgment contended the sellers could not deliver a marketable title to the land due to a claim against the mineral rights by another party and a 16-year gap in the title of the property to be sold. The court denied the motion, however, as it did not find the mineral rights claim was a defect as a matter of law justifying the failure to close, and the court found a genuine issue of material fact existed on whether the 16-year gap in the title was a defect in title justifying the right to refuse to close. Robertson has not sought appellate review of this decision.

The lower court next considered the sellers' motion for summary judgment and granted partial summary judgment on the issue of

breach of contract. Robertson now appeals from this grant of summary judgment to the sellers. *Held*:

1. The failure of the non-moving party to file the pleadings required by USCR 6.2 does not entitle the moving party to the grant of summary judgment. *Wyse v. Potamkin Chrysler-Plymouth*, 189 Ga. App. 64, 65 (374 SE2d 785); *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595 (370 SE2d 843). Accordingly, it was error for the lower court to grant summary judgment to the sellers solely because Robertson had not filed the required pleadings. Although the sellers contend the trial court did not grant them summary judgment because Robertson failed to file a response to the motion and failed to file a statement of disputed facts, the order quoted above plainly states that was the reason for granting summary judgment. See *Derbyshire v. United Builders &c.*, 194 Ga. App. 840, 843 (1) (392 SE2d 37). Therefore, the trial court's order allows us to reach no other reasonable conclusion.

2. Moreover, our independent review of the record shows the trial court denied the sellers' motion for summary judgment on specific performance and Robertson's motion for summary judgment because the trial court found a genuine issue of material fact existed on whether the 16-year gap was a "defect in title justifying the right to refuse to close," and the deposition of the sellers' title attorney in the record stated that such a gap in the sellers' title was revealed by his examination of the title. Although the record shows that the sellers planned to establish that they acquired title through prescription (see OCGA § 44-5-160 et seq.), whether the title was so acquired under this evidence is a jury issue. See *Fambro v. Davis*, 256 Ga. 326, 328 (348 SE2d 882). Accordingly, the grant of summary judgment to the sellers must be reversed.

*Judgment reversed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MARCH 19, 1993.

*David M. Cox*, for appellant.
*Landrum & Landrum, Phillip M. Landrum, Jr., Susan Landrum*, for appellees.