A98A1407. PEARSON v. SMALL WORLD DAY CARE CENTER, INC.
(508 SE2d 200)

SMITH, Judge.

Matthew Hawkins, by his next friend, his mother Nancy Pearson, brought suit against Small World Day Care Center, Inc., to recover damages for injuries he sustained when he fell from the monkey bars on a playground at the center. He appeals from the trial court's grant of summary judgment to the center. Because we find that issues of fact remain for jury resolution with regard to Matthew's capacity to appreciate the danger or assume the risk and with regard to the center's negligence, we conclude that summary judgment was improper. We therefore reverse the judgment below.

The record shows that Matthew was four years and seven

months old at the time of the incident. He was enrolled in the center's day care program at that time and was playing outside with the other members of his class. The 15 members of the class were supervised by their teacher during their play. Matthew was playing on the monkey bars with other children, trying to swing to the top bar. He was at the top when he missed a bar and fell, hitting his abdomen on one bar and chipping a tooth on another bar before falling to the ground.

Although Matthew's teacher was supervising the children's play, she did not realize he had fallen. After he fell, Matthew crawled up a hill to his teacher to get help. Matthew could not say anything at first but simply moaned. His teacher helped him stand and took him back to the center. He was then placed on the floor with a pillow. He threw up a small amount. Matthew's mother was called, and she left work and came to the center. She testified that she carried Matthew out and immediately drove him to see a doctor at the clinic where she worked as a licensed practical nurse.

Pearson testified on her deposition that when she saw Matthew at the day care center he was in shock and barely conscious. Upon arrival at the clinic, an ambulance was called, and Matthew was transported to Scottish Rite Hospital. A CAT scan of his abdomen revealed a lacerated liver. He was in critical condition and was admitted to the intensive care unit, where he remained for seven days. He was bleeding internally, required a transfusion, and was not discharged from the hospital until 13 days after the incident.

1. We note initially that the center's complaints regarding the delay of this appeal are incorrectly addressed to this Court. OCGA § 5-6-48 (c) specifically provides that "[n]o appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court." Moreover, the center has not shown by the record that the delay was attributable to Hawkins.

2. Hawkins contends the trial court's grant of summary judgment was improper for two reasons.

(a) He first argues that it appears summary judgment was granted simply because he failed to file a response to the center's motion. The trial court's order granting the center's motion for summary judgment recites that it was granted because "the defendant's Motion for Summary Judgment is unopposed and that no genuine issues of material fact remain." Hawkins is, of course, correct in pointing out that summary judgment may not be granted by default. "The failure of the non-moving party to file the pleadings required by USCR 6.2 does not entitle the moving party to the grant of summary judgment. [Cits.]" *Robertson v. Wheeler*, 208 Ga. App. 68, 69 (1) (429

SE2d 714) (1993). But because the trial court also found that no genuine issues of material fact remained, we will not assume that summary judgment was granted in this case simply because Hawkins did not respond to the center's motion.

(b) Hawkins's second contention is that the trial court erred in granting summary judgment because genuine issues of material fact do remain for jury resolution. We agree with this contention.

The center sought summary judgment on the ground that Matthew had assumed the risk. "Assumption of risk assumes that the actor, without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not." (Citation and punctuation omitted.) *Beringause v. Fogleman Truck Lines*, 200 Ga. App. 822, 823 (4) (409 SE2d 524) (1991). To show that Matthew assumed the risk, the center was required to establish that Matthew must actually have appreciated the danger of falling from the monkey bars. He must have known that monkey bars could be dangerous but nevertheless made a conscious decision to proceed. Id. at 824. But if, because of his age, Matthew did not understand the risk involved in climbing on the bars, he cannot have consented to assume it. "His failure to exercise ordinary care to discover the danger is not properly a matter of assumption of risk, but of the defense of contributory negligence." (Citation, punctuation and emphasis omitted.) Id.

Contrary to the center's argument, this issue cannot be decided as a matter of law. In *Ashbaugh v. Trotter*, 237 Ga. 46 (226 SE2d 736) (1976), the Supreme Court granted certiorari to review the issue of the age at which children could be charged with negligence or contributory negligence. Notwithstanding prior decisions to the contrary, the Supreme Court reversed the decision of this Court that held that children under the age of six are too young to be capable of contributory negligence, holding in *Ashbaugh* that the courts must be guided by the plain language of the predecessor statute to OCGA § 51-1-5. That statute provides: "The term 'due care,' when used in reference to a child of tender years, is such care as the child's mental and physical capacities enable him to exercise in the actual circumstances of the occasion and situation under investigation." The question of a child's negligence is therefore one for the jury under appropriate instruction from the court.

In other cases, it has been held that whether a child assumed the risk "is peculiarly a question for the jury." *Walt Disney Productions v. Shannon*, 247 Ga. 402, 404, n. 3 (276 SE2d 580) (1981). But if "the facts are so plain and palpable that they demand a finding by the court as a matter of law," the trial court may grant summary judgment. *Jackson v. Young*, 125 Ga. App. 342, 343 (187 SE2d 564) (1972). That was the situation in *Abee v. Stone Mtn. Mem. Assn.*, 252

Ga. 465 (314 SE2d 444) (1984) and in *Riley v. Brasunas*, 210 Ga. App. 865 (438 SE2d 113) (1993). But this case does not fall within the category of those in which the danger is so plain that a child the age of the plaintiff may be held as a matter of law to have assumed the risk. Instead, the question of whether Matthew assumed the risk must be decided by a jury.

Here, as in *Clanton v. Gwinnett County School Dist.*, 219 Ga. App. 343 (464 SE2d 918) (1995), the jury is in the best position to "size up all the particular evidence in the case and bring its collective common knowledge of children's capacities to bear in determining first, whether the child was capable of negligence in the premises and second, whether the child was negligent. [Cits.]" Id. at 344 (1) (b).

Other questions remain as well. Pearson alleged negligence on the part of the center in supervising the children on the monkey bars, evidenced by the fact that Matthew had to crawl up a hill to apprise his teacher of the fact he had fallen. She also alleged that the center should not have moved Matthew after the fall, and that given his obvious appearance of being in shock, the center should have called an ambulance immediately. These issues must now be addressed at trial.

*Judgment reversed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 23, 1998.

*John R. Jackson*, for appellant.

*Tittsworth, Grabbe & Spillers, Michael W. Tittsworth, John C. Grabbe IV*, for appellee.