A03A2025. NEELY v. JONES.
(592 SE2d 447)

SMITH, Chief Judge.

This case arose out of an automobile collision involving plaintiff Quinton Neely and defendant Norman Terry Jones. Jones filed a motion to dismiss or for summary judgment and later filed a renewed motion after the case was transferred from the Superior Court of DeKalb County to the Superior Court of Coweta County. He argued that he was entitled to judgment based on Neely's failure to serve him within the statute of limitation, as well as Neely's failure to exercise due diligence in attempting to perfect service after learning that service was insufficient. The trial court granted the renewed motion. Because it is at best unclear whether the trial court considered the entire record in reaching its conclusion, we vacate the trial court's judgment and remand this case for full consideration of the record, as more fully discussed below.

On October 4, 2001, Neely filed this lawsuit against Jones in the Superior Court of DeKalb County, seeking damages for personal injuries arising out of an automobile accident that occurred October 17, 1999. On October 16, a non est return of service was filed, which recited that the address provided for Jones was "not in DeKalb County." On October 23, Neely filed a motion for appointment of a special process server, which was granted the same day. Jones filed an answer on November 19, raising defenses of deficient service and expiration of the statute of limitation, among other things. On January 30, 2002, Neely moved for service by publication on Jones. The motion was supported by trial counsel's affidavit, in which he stated that both the sheriff's department and the special process server had tried unsuccessfully to perfect service on Jones. The trial court dismissed the motion as moot on the ground that Jones had filed an answer.

On February 7, 2002, Jones filed a motion to dismiss or alternatively for summary judgment on the grounds that the statute of limitation had expired and that he had not been personally served. On

March 5, Neely filed a response in which he stated that Jones had been served on February 11. An "affidavit of service" was filed April 17, in which the special process server testified that he had served Jones with the summons and complaint on February 11 "in the American Airlines parking area in Ft. Worth Texas, and a copy at his residence at 9808 Harbour View Lane, in Ft. Worth Texas." In addition, the special process server executed another affidavit, filed the same day, in which he detailed his attempts to locate Jones, beginning October 6, 2001, and continuing through February 11, 2002.

On June 21, 2002, the case was transferred to the Superior Court of Coweta County. On November 7, Jones filed a "renewal of his motion to dismiss plaintiff's complaint or, in the alternative, for summary judgment." The trial court granted the motion, stating in relevant part: "It . . . appearing that no responsive pleading has been filed; it further appearing that said motion is meritorious; it is hereby ordered, adjudged, and decreed that defendant's renewal of his motion to dismiss plaintiff's complaint or, in the alternative, for summary judgment be granted." Neely appeals from this ruling, arguing that the court erred in granting Jones's renewed motion "without considering the papers, including the process server's affidavit demonstrating due diligence, filed . . . in response to the same motion that had been previously filed by" Jones in DeKalb County. He further argues that the renewed motion was not meritorious.

In addressing Neely's contentions, we must examine the interplay between general procedure to be followed when a party files a motion to dismiss, on one hand, and the standard of review of a trial court's finding that a plaintiff failed to exercise due diligence in serving a defendant, on the other. Under Uniform Superior Court Rule 6.2, a party opposing a motion must file responsive material no later than 30 days after service of the motion. The failure of a nonmoving party to file responsive material, however, does not automatically entitle the moving party to judgment. There is no "such thing as a default judgment on the pleadings." (Punctuation omitted.) *Bishop v. Westminster Schools*, 196 Ga. App. 891, 892 (1) (397 SE2d 143) (1990). Had the court stated explicitly that its judgment was based solely on Neely's failure to respond to the renewed motion, resolution of this appeal would be clear. See *Robertson v. Wheeler*, 208 Ga. App. 68, 69 (1) (429 SE2d 714) (1993) (reversal necessary because trial court's order explicitly stated that failure to respond to motion was basis for granting summary judgment). Here, however, the basis for the trial court's order is not so clear. The order recites that Neely did not respond to the renewed motion and that the motion is meritori-

ous. Neely did not file a response to Jones's renewed motion.[1] But the record *does* contain his response to Jones's previously filed motion, in addition to the affidavit of the special process server. *That* response was never withdrawn, and we have found no law indicating that the response was somehow nullified by Jones's renewed motion.

Neely contends that "the wording of the trial court's order strongly suggests that the court granted Jones's motion because Neely did not file a response specifically to Jones's renewal of his motion." According to Neely, "[a]t the very least, it appears that the trial court did not consider the papers, including [the special process server's] affidavit demonstrating due diligence in attempting service," which Neely filed in response to the motion filed by Jones in DeKalb County, before the case was transferred to Coweta County. We are constrained to agree. This case was transferred while the motion to dismiss or for summary judgment was pending. After the motion was renewed, the trial court specifically noted that Neely had not responded. Neely *had* responded, however, to the previously filed motion to dismiss or for summary judgment. Given these facts, we conclude that a strong likelihood exists that the trial court may have failed to consider the entire record in ruling on the renewed motion.

When determining whether a plaintiff exercised due diligence in serving a defendant after the statute of limitation has expired, a trial court is vested with discretion that "will not be disturbed on appeal absent abuse." (Punctuation and footnote omitted.) *Saxton v. Davis*, 262 Ga. App. 72, 74 (2) (584 SE2d 683) (2003). See also *Barabont v. Villanueva*, 261 Ga. App. 839, 841-842 (1) (584 SE2d 74) (2003); *Carter v. McKnight*, 260 Ga. App. 105, 106 (578 SE2d 901) (2003). Here, however, it is impossible to determine whether the trial court considered the entire record and, therefore, whether it exercised any discretion at all in concluding that the renewed motion was meritorious. And when an appellate court cannot "ascertain whether the lower court has exercised its discretion, the appropriate course for the appellate court is not to perform a de novo review of the evidence in the guise of a harmless error analysis, but instead is to vacate the judgment and remand the case to the lower court for further proceedings." (Citation and punctuation omitted.) *Padilla v. Melendez*, 228 Ga. App. 460, 463 (2) (491 SE2d 905) (1997). See also *Smith v. Ga. Power Co.*, 183 Ga. App. 295, 297 (358 SE2d 879) (1987).

In a display of candor too rarely exhibited in the legal system, Jones, through his counsel, concedes that "[t]o the extent the trial court did not consider the entire record, it erred, and the case should

---

[1] Neely argues that "[h]aving filed a response and . . . affidavit in reply to the same motion previously filed in DeKalb County, [he] did not file another set of the same papers, which were already part of the court record, in Coweta County."

be remanded for consideration of the entire record. Counsel for appellee realize that even trial judges make mistakes. If such a mistake occurred, the case should be returned to the lower court for further consideration." Jones goes on to argue that a trial court is presumed to have considered the entire record when ruling on a motion for summary judgment. The unclear wording of the trial court's order itself, however, rebuts this presumption.

As discussed above, we simply cannot determine whether the trial court considered the entire record and, therefore, whether it exercised its discretion in determining that the renewed motion was meritorious. We consequently must vacate the judgment of the trial court and remand this case for proceedings consistent with this opinion. We do not intend to intimate an opinion here, one way or the other, as to whether the evidence submitted by Neely in response to Jones's motion demanded a finding that he exercised due diligence in serving Jones. Our purpose in vacating the trial court's judgment and remanding this case to the trial court is simply, out of an abundance of caution, to ensure that the decision on Jones's motion is based on a consideration of the entire record.

We note that this case is distinguished from *Pearson v. Small World Day Care Center*, 234 Ga. App. 843 (508 SE2d 200) (1998), cited by Jones. In *Pearson*, the trial court's order granting summary judgment to the appellee recited that the motion "was granted because 'the defendant's Motion for Summary Judgment is unopposed and that no genuine issues of material fact remain.'" Id. at 844 (2) (a). Because the trial court found that no genuine factual issues existed, we rejected the appellant's argument that summary judgment was granted solely on the basis of his failure to respond to appellee's motion for summary judgment. Id. at 845.[2] The trial court's order in this case is somewhat analogous, as it states that Neely failed to respond to the renewed motion and that the motion appears to be meritorious. But in contrast to the central issue of whether the trial court considered the evidence submitted by Neely, apparently no question was raised in *Pearson* as to whether the trial court had failed to consider the entire record in reaching its decision. Furthermore, as discussed above, a response to the original motion to dismiss *is* contained in the record, a fact that further distinguishes this case from *Pearson*, where no response was filed at all.

*Judgment vacated and case remanded. Ruffin, P. J., and Miller, J., concur.*

---

[2] This court did, however, reverse the grant of summary judgment to appellee on other grounds. Id. at 845-846.

DECIDED DECEMBER 16, 2003.

*Waymon Sims*, for appellant.
*Harper, Waldon & Craig, Christopher M. Farmer*, for appellee.