A05A0751. RUSSAW v. BURDEN.
(612 SE2d 913)

MIKELL, Judge.

Rodney James Russaw appeals from the trial court's dismissal of his complaint on the ground that he failed to respond to discovery. Russaw also contends that the trial court erred in denying his motion for default judgment and in granting a trial on the issue of damages and causation. For reasons that follow, we affirm.

Russaw filed a personal injury action against Willie C. Burden, Jr., to recover damages for injuries he sustained in an automobile

collision with Burden on January 9, 2001. Burden was served on January 7, 2003, but did not file his answer or demand for jury trial until August 15, 2003. On August 29, 2003, Burden filed interrogatories, a request for admissions, a request for production of documents and a notice to produce. When Russaw failed to respond to the discovery requests, Burden filed a motion to compel and for sanctions on February 6, 2004. Several days prior, Russaw had moved for a default judgment in the amount of $342,000. On May 4, 2004, the trial court ordered that all discovery be completed by May 15, 2004, and that the case be set for trial on the issues of proximate cause and damages. Russaw appeared for his deposition on May 14, 2004, but did not otherwise comply with the court's order to complete discovery. Accordingly, Burden filed a motion for sanction of dismissal. Russaw filed a response to the motion on July 12, 2004, attaching his discovery responses and claiming that the responses were late because counsel contracted a "head cold virus" in April 2004, which "illness caused counsel to suffer mental fatique [sic] and memory loss." The trial court placed the case on its trial calendar for July 19, 2004, and informed the parties that a hearing on the motion for sanction of dismissal would be held at that time. Neither Russaw nor his counsel appeared at the hearing.[1] The trial court dismissed the complaint and awarded attorney fees in the amount of $500, for Russaw's failure to comply with the court's order of May 4, 2004.[2]

1. In two related enumerations, Russaw argues that the trial court erred in denying his motion for default judgment and in ordering a trial on the issue of proximate cause and damages because Burden failed to file a timely answer and did not file a demand for trial or pay court costs. We disagree.

OCGA § 9-11-55 (a) provides, in relevant part, that

[i]f [a] case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint

---

[1] On July 9, 2004, Russaw's counsel had filed a notice of leave of absence for July 19-22, 2004.

[2] In its order, the trial court further explained that on June 28, 2004, it informed the parties of the July 19 trial calendar, and advised Russaw's counsel that he was expected to appear because the trial calendar had been published ten days before counsel filed his notice of leave of absence and that the case would not be removed from the calendar without an order signed by the court. On July 14, 2004, the trial court left two phone messages with Russaw's counsel advising him that a hearing on the motion for sanction of dismissal would be heard on July 19, 2004. On the morning of July 19, 2004, Russaw's counsel called the court and again was informed that the court had not granted counsel's leave of absence and that the case was being called at 1:30 p.m. that day.

or other original pleading were supported by proper evidence . . . unless the action is one ex delicto or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury, with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages; provided, however, in the event a defendant, though in default, has placed damages in issue by filing a pleading raising such issue, either party shall be entitled, upon demand, to a jury trial of the issue as to damages.

As Burden does not dispute that he is in default, he has admitted each and every material allegation of the complaint, except the amount of damages.[3] Moreover, as Burden filed an answer disputing damages and demanding a jury trial, the trial court did not err in denying Russaw's motion for default judgment and in ordering a trial on the issue of proximate cause and damages. Finally, contrary to Russaw's contention, payment of court costs is required only if a defendant seeks to *open the default*, which Burden did not.

2. In three related enumerations, Russaw contends that the trial court erred in dismissing his complaint for two reasons: (1) the court did not hold a hearing or make a finding of wilfulness, and (2) Burden was in default.

(a) "Trial courts have broad discretion to control discovery, including the imposition of sanctions. Absent the showing of a clear abuse of discretion, a court's exercise of that broad discretion will not be reversed."[4] If a party does not comply with a discovery order, the trial court may impose sanctions under OCGA § 9-11-37 (b) (2), including dismissal of the complaint.[5] The trial court may impose sanctions after giving the obstinate party an opportunity to be heard and determining that the party's failure to comply with the discovery order was wilful.[6]

In this case, after Russaw failed to comply with the trial court's order that discovery be completed by May 4, 2004, the court held a hearing at which Russaw was given an opportunity to be heard. Despite being advised of the hearing several times, including on the day of the hearing, neither Russaw nor his counsel appeared to further explain why the two-month delay in complying with the

---

[3] See *Whitby v. Maloy*, 150 Ga. App. 575 (1) (258 SE2d 181) (1979).

[4] (Punctuation and footnote omitted.) *ASAP Healthcare Network v. Southwest Hosp. & Med. Center*, 270 Ga. App. 76, 77 (1) (606 SE2d 98) (2004).

[5] See OCGA § 9-11-37 (b) (2) (C).

[6] See *ASAP Healthcare*, supra at 78 (1).

court's order was excusable. Though the trial court's order of dismissal does not make a specific finding of wilfulness, the trial court appears to find Russaw's counsel's excuse of a three-month "head cold virus" incredible.

In any event, contrary to Russaw's contention, the trial court was not required to hold a hearing on the issue of wilfulness. As our Supreme Court held in *Schrembs v. Atlanta Classic Cars*,[7] "[a] trial court need not conduct a hearing on the issue of wilfulness in every case. Such a requirement serves no purpose where the trial court can otherwise determine wilfulness on the part of the party against whom the sanctions are sought."[8]

Here, Russaw made no effort to request an extension of time from the trial court, choosing instead to file his discovery responses two months *after* the deadline set by the court and almost one year after the requests were served. Under these circumstances, Russaw has not made any showing that his failure to comply with the discovery order was somehow excusable. On the contrary, it appears from our review of the entire record that the trial court did not abuse its discretion in finding that Russaw wilfully disobeyed the order compelling discovery.

(b) Lastly, Russaw appears to have acted under the mistaken belief that because Burden was in default, he was not entitled to discovery until he opened the default and filed an answer to the complaint. However, as we noted in Division 1, even though liability was resolved by the default, the question of damages remained for resolution by a jury. As Burden was entitled to introduce evidence on his own behalf on the issue of damages, it follows that he also had "the right to engage in discovery." See, e.g., *Taylor v. Stapp*, 134 Ga. App. 468, 469 (3) (215 SE2d 23) (1975).

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MARCH 31, 2005.

*Michael B. King*, for appellant.
*Harper, Waldon & Craig, John B. Craig, Ashley B. Fournet*, for appellee.

---

[7] 261 Ga. 182 (402 SE2d 723) (1991).
[8] (Footnote omitted.) Id. at 182-183.