A05A0503. FLOTT v. SOUTHEAST PERMANENTE MEDICAL GROUP, INC. et al.
(617 SE2d 598)

RUFFIN, Chief Judge.

Nancy Flott appeals the trial court's dismissal without prejudice of her medical malpractice claim against Southeast Permanente Medical Group, Inc. and Dr. Joseph Schifilliti ("Appellees") for her

failure to comply with the trial court's discovery order. For the reasons that follow, we affirm.

After Flott's expert witness, Dr. Klemann, withdrew from the case, Flott concealed this fact from Appellees' counsel and the trial court. Instead, Flott unnecessarily prolonged the discovery process by allowing Appellees to believe Dr. Klemann was still her expert and delaying the scheduling of his deposition. Eventually, after trying to schedule the doctor's deposition for four months, Appellees filed a motion to compel, which was granted. Flott still did not reveal that Dr. Klemann had withdrawn from the case. Appellees subsequently learned from Dr. Klemann himself that he had withdrawn from the case six months earlier. Appellees then filed a motion to dismiss, which the trial court granted.

1. We first address several problems with Flott's brief. First, Flott fails to make proper record citations in her brief. Court of Appeals Rule 25 (c) (3) requires that an enumerated error be supported by specific reference to the record or transcript by page number.[1] Flott's brief contains no citations by page number to the record. Since the record in this case is small, we will address the merits of Flott's appeal.[2]

More troubling is Flott's misrepresentation of the record. In her brief, Flott contends that, sometime prior to the filing of the motion to compel, her counsel informed Appellee's counsel "that Dr. Klemann no longer desired to participate in the case as an expert for [Flott]," and cites generally to her response to the motion to compel. Nowhere in the response to the motion to compel, or elsewhere in the record, is there any support for this contention. We caution counsel that misrepresentation of evidence in the record is a violation of State Bar Rules and Regulations and may result in a finding of contempt.[3]

2. A trial court may impose sanctions, including dismissal of a complaint, against a party who does not comply with a discovery order.[4] "Trial judges have broad discretion in controlling discovery, including imposition of sanctions, and appellate courts will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion."[5]

In her sole enumeration of error, Flott contends that the trial court erred in dismissing her case because Georgia law does not require her to produce a nonparty expert witness for deposition.

---

[1] Court of Appeals Rule 25 (c) (3) (i), (iii).

[2] See *Collins v. Newman*, 237 Ga. App. 861 (1) (517 SE2d 100) (1999).

[3] See *Farmer v. State*, 216 Ga. App. 515, 522-523 (1) (455 SE2d 297) (1995) (on motion for reconsideration).

[4] See OCGA § 9-11-37 (b) (2).

[5] (Punctuation omitted.) *Amaechi v. Somsino*, 259 Ga. App. 346, 347 (577 SE2d 48) (2003).

Instead, Flott argues, Appellees were required to serve Dr. Klemann with a deposition subpoena, and, since they did not, the trial court could not compel his deposition. Flott asserts that her case should not have been dismissed because she was not required to comply with the trial court's order. We disagree.

Flott's reliance on the argument that Appellees were required to subpoena Dr. Klemann is disingenuous. The trial court had ample reason to sanction Flott for discovery abuse regardless of whether Dr. Klemann could be compelled to testify absent a subpoena. Flott caused completely unnecessary delay and expense by pretending to cooperate in discovery when she knew that her expert witness was not going to give a deposition because he had withdrawn. And even when the trial court ordered her to cooperate in making Dr. Klemann available, she continued her deception.

Appellees sought to take the deposition of Dr. Klemann at a mutually convenient time — as is commonly done — and requested dates from Flott. Dr. Klemann's deposition was scheduled for September 9, 2003. Flott canceled the deposition on September 7, 2003, and rescheduled it for September 30, 2003. On September 8, 2003, Dr. Klemann notified Flott that he was withdrawing as her expert witness. Flott did not inform Appellees of this, but instead canceled the September 30 deposition on the pretext that Dr. Klemann was unavailable for "personal reasons," and suggested extending the discovery period for 60 days "for the purpose of scheduling the deposition of [Flott's] expert." Appellees agreed to an extension of discovery and continued to seek mutually agreeable dates for Dr. Klemann's deposition. Flott still did not inform Appellees of Dr. Klemann's withdrawal.

On January 2, 2004, Appellees informed Flott that they would file a motion to compel if Flott did not provide them with dates for Dr. Klemann's deposition. Appellants filed their motion to compel on January 29, 2004. In her response to the motion to compel, Flott did not mention that Dr. Klemann had withdrawn as an expert witness, instead stating that "Dr. Klemann has been unavailable for the taking of his deposition for personal reasons." The first time Flott suggested that Appellees should subpoena the doctor was in her response to the motion to compel.[6] And even after the motion to compel was granted, Flott did not reveal that Dr. Klemann had withdrawn. Only after Appellees filed a motion to dismiss for failure

---

[6] This suggestion was pointless, as Dr. Klemann had already withdrawn. Nonetheless, Appellees contacted Dr. Klemann to discuss a subpoena, and only then learned of his earlier withdrawal.

to comply with the motion to compel did Flott finally admit, ten months after he withdrew, that Dr. Klemann was no longer her expert.

Flott deliberately misled Appellees and, eventually, the trial court about Dr. Klemann's status as an expert witness. She entered into an extension of the discovery period, ostensibly for the taking of Dr. Klemann's deposition, after she knew he would not be giving a deposition. She forced Appellees to file a motion to compel the testimony of a witness who she knew was no longer a witness. And she continued this deceptive behavior for ten months. Her actions justify the trial court's imposition of severe sanctions for discovery abuse.[7]

Flott argues that the trial court erred in dismissing her case because it did not expressly find that Flott acted wilfully. Dismissal is an appropriate sanction for discovery abuse when the abuse is wilful.[8] Wilfulness requires "only a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance."[9] We will affirm a trial court's dismissal, even if it did not make a specific finding of wilfulness, when the evidence supports its ruling.[10] Here, the evidence shows that Flott had numerous opportunities to inform Appellees that their efforts to take Dr. Klemann's deposition were unnecessary. Flott went so far as to respond to a motion to compel the doctor's testimony without mentioning to the trial court that he was no longer a witness. The trial court was authorized to conclude that Flott was intentionally prolonging the discovery process.[11] Thus, the trial court did not abuse its discretion in imposing sanctions, and we affirm its dismissal of the case.[12]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JULY 8, 2005 —
RECONSIDERATION DENIED JULY 27, 2005 — ▮▮▮▮▮▮▮

*Michael B. King*, for appellant.
*Hall, Booth, Smith & Slover, Jason P. King, Michael A. Pannier*, for appellees.

---

[7] See *Woods v. Gatch*, 272 Ga. App. 642 (613 SE2d 187) (2005).

[8] See *Riches to Rags v. McAlexander & Assoc.*, 249 Ga. App. 649, 652-653 (549 SE2d 474) (2001).

[9] (Punctuation omitted.) Id.

[10] See *Russaw v. Burden*, 272 Ga. App. 632 (612 SE2d 913) (2005) (involving same counsel for appellant).

[11] See *Riches to Rags*, supra at 653.

[12] See id.; *Russaw*, supra.