## A09A0620. FREEMAN et al. v. FOSS et al.
### (680 SE2d 557)

SMITH, Presiding Judge.

Donnie and Marilyn Freeman appeal from the trial court's order dismissing their complaint with prejudice as a sanction for failing to comply with an order compelling discovery. The Freemans contend the trial court erred by: (1) holding a hearing on the motion for sanctions less than 30 days after the motion for sanctions was filed; (2) dismissing the complaint based upon their failure to respond to interrogatories; and (3) failing to impose a less drastic sanction. We find no merit in these contentions and affirm.

1. In their first enumeration of error, the Freemans contend the trial court erred by failing to give them 30 days to respond to the motion for sanctions filed by the defendants on July 22, 2008. The trial court scheduled a hearing on the motion for August 6, 2008. After conducting a hearing "where both sides were represented by counsel, and both sides were given an opportunity to be heard," the trial court granted the defendants' motion for sanctions. The record before us does not include a transcript of the motion hearing. As a result, we cannot determine whether the Freemans objected to the trial court's failure to provide them with the written notice of a shorter time to respond required by Uniform Superior Court Rule 6.2. Because the Freemans cannot demonstrate that they objected to the procedure employed by the trial court below, this enumeration of error is waived. *Bloodsoe v. Simmons*, 287 Ga. App. 423, 424 (1) (651 SE2d 534) (2007).

---

2. The Freemans contend the trial court abused its discretion by dismissing their complaint for what they claim was a "failure to respond to interrogatories concerning an expert that the Freemans never employed or from whom they never received any opinion."[1] We disagree.

"Trial courts have broad discretion to control discovery, including the imposition of sanctions. Absent the showing of a clear abuse of discretion, a court's exercise of that broad discretion will not be reversed." (Citations omitted.) *Rivers v. Almand*, 241 Ga. App. 565, 566 (1) (527 SE2d 572) (1999).

The record shows that the Freemans filed their complaint seeking abatement of a nuisance and money damages in March 2005. Almost a year after the expiration of the time period in which to conduct discovery, the Freemans' attorney disclosed in a settlement demand letter dated December 3, 2007, that they had

> obtained the services of David Reed who is prepared to discuss the diminished value of the Freemans' house. I believe that Mr. Reed will be of the opinion that the house had been diminished in value by approximately 50%. Because the house had an appraised value of $180,000 five years ago it is entirely likely that the amount of the diminished value is currently $100,000. Mr. Reed basis [sic] his opinion on the fact that it is unlikely that an individual will purchase this house and that it is more likely that the property will be purchased by an investor who will seek to rent the property. Based on his analysis we would ask the jury to award a diminished value of $100,000.

When it became clear that the parties would not be able to settle the case, defense counsel sent a letter to the Freemans' attorney on December 28, 2007, requesting that the Freemans immediately supplement their discovery responses with information about their expert witness so that a date for his deposition could be scheduled. When the defendants received no response, they asked the court to remove the case from a March 10, 2008, trial calendar and reopen discovery. On February 5, 2008, the trial court granted this motion.

In a phone call on February 8, 2008, the Freemans' counsel promised to provide information about their expert, but failed to do so even after receiving follow-up letters from defense counsel dated February 12, 2008, and April 1, 2008. On April 30, 2008, defense

---

[1] The Freemans do *not* contend on appeal that the trial court erred because its dismissal of their complaint was based, in part, upon their failure to comply with its order to file their portion of a proposed pre-trial order. That issue is not before us.

counsel moved to compel the Freemans to respond to discovery requests about their expert and for another continuance of a trial scheduled for June 2008. The trial court granted the defendants' request to continue the case again and also ordered the Freemans to provide information about their witness within ten days so that the defendants could then depose the Freemans' expert.

On June 16, 2008, the trial court ordered the parties to prepare a consolidated pre-trial order by July 11, 2008. In its order, the trial court warned, "Failure to timely file the Pre-Trial Order will result in the invocation of the Court's contempt powers or possible dismissal of the pleadings of the party who fails to participate." The defendants submitted their portion of the pre-trial order on the date due, but the Freemans did not.

On July 22, 2008, the defendants moved for sanctions based upon the Freemans' wilful violation of the trial court's order compelling discovery and their failure to submit their portion of the pre-trial order. In support of this motion, defense counsel averred in an affidavit that the Freemans' counsel had promised again in a July 9, 2008, phone call to provide the requested discovery about their expert witness.

On July 22, 2008, the trial court ordered the parties to appear for a hearing on August 6, 2008. On July 25, 2008, the Freemans' counsel wrote a letter to the trial court in which he declared that he had "previously informed defense counsel that I have not been able to hire Mr. Reed as I had originally planned and I can state to the court that I will not produce Mr. Reed as an expert in this case. Defense counsel has been aware of my inability to secure Mr. Reed's services since March 2008."[2] Counsel also wrote that he was still trying to obtain an expert witness whom he would identify to opposing counsel no later than August 1, 2008. Five days after the hearing on the motion for sanctions, the Freemans submitted their portion of the pre-trial order to the trial court for the first time.

On August 18, 2008, the trial court issued a five-page order supporting in detail its decision to impose the sanction of dismissing the Freemans' complaint with prejudice. The trial court concluded that the behavior justifying this sanction included "counsel for Plaintiffs' conscious, intentional, willful and repeated violations of the orders of this Court, willful failures to respond to discovery as ordered by this Court, and willful failure to submit a timely pre-trial order as ordered by this Court." The trial court also noted a "pattern of behavior" based upon "repeated discovery failures" by the Free-

---

[2] Defendants dispute this contention and assert that they first learned that the Freemans would *not* be using Mr. Reed when they received a copy of the July 25, 2008, letter.

mans and their counsel with another defendant in the case.

On the record before us, we cannot conclude that the trial court clearly abused its discretion by imposing the sanction of dismissal based upon the Freemans' failure to provide discovery about their expert. The trial court was authorized to conclude that the conduct of the Freemans' counsel unreasonably prolonged the discovery process and delayed the trial multiple times by allowing the defendants to believe that Mr. Reed was the Freemans' expert witness. We have previously held that similar conduct warrants the ultimate sanction of dismissal. See *Flott v. Southeast Permanente Med. Group*, 274 Ga. App. 622, 623-625 (2) (617 SE2d 598) (2005).

3. We find no merit in the Freemans' claim that the trial court erred by failing to employ another, less drastic remedy. Their counsel repeatedly misrepresented that he would provide discovery about an expert witness whose opinions were clearly identified in a settlement demand letter. His failure to provide the information as promised resulted in more than one extension of the discovery period and also more than one continuance of the trial of this case.

We decline to hold that the trial court should have further rewarded this conduct by granting yet another continuance of the trial. Additionally, we cannot say, based upon all the facts and circumstances of this case, that the trial court abused its discretion by failing to impose the lesser sanction of limiting the Freemans' use of expert testimony at trial. See *Flott*, supra, 274 Ga. App. at 625.

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED JUNE 23, 2009.

*Jeffrey L. Sakas*, for appellants.

*Jenkins, Olson & Bowen, Peter R. Olson, Erik J. Pirozzi, Freeman, Mathis & Gary, Dana K. Maine*, for appellees.