## A11A1161. CAMERON et al. v. MILES.

(716 SE2d 831)

DILLARD, Judge.

Marion Cameron and Cameron & Miles, P.C. appeal the trial court's grant of a motion to strike their answer and counterclaim, as well as the court's decision to award attorney fees to Monica Miles. For the reasons noted infra, we reverse the trial court's grant of the motion to strike and vacate and remand on the issue of attorney fees.

The record shows that Monica Miles sued Marion Cameron and Cameron & Miles, P.C. (collectively "Cameron"), seeking dissolution of a corporation; alleging breach of the covenant of good faith and fair dealing, breach of fiduciary duty, stubborn litigiousness; and requesting attorney fees. Cameron answered and filed a lengthy counterclaim with numerous allegations. The parties thereafter engaged in discovery, and Miles eventually filed a motion to compel, contending that Cameron refused to respond to discovery requests.[1] Cameron opposed the motion to compel and later sought to extend the discovery period by 90 days.

Miles opposed Cameron's motion to extend discovery and filed a motion to strike Cameron's answer and counterclaim, in which she

---

[1] It does not appear that the trial court ever ruled on this motion.

also sought attorney fees. Cameron did not file a response to Miles's motion to strike, though she did respond to another outstanding motion and requested that the case be placed on the trial court's next available hearing calendar to address various pending motions.

The trial court granted Cameron's request for a hearing, after which the court orally granted Miles's motion to strike. Cameron, however, was not notified when the final written order was entered, and the trial court thereafter denied her motion to set aside the order. On a previous appeal to this Court, we reversed this denial and directed the trial court to reenter judgment,[2] which it did.

The trial court's decision to strike Cameron's answer and counterclaim was based upon the "pleadings, motions submitted by counsel for the Plaintiff, the testimony presented by counsel during the hearing, and the arguments of counsel, and all matters of record." In its very summary order, the trial court stated that it was granting the motion to strike after finding that Cameron had failed to respond to same. And based on the answer and counterclaim being stricken, the court then entered a default judgment in favor of Miles. The court also awarded attorney fees in the amount of $25,000. This appeal by Cameron follows.

1. Cameron first argues that the trial court erred in striking her answer and counterclaim because the stated reason behind the court's decision did not warrant the use of this harsh sanction. We agree.

At the outset, we note that rulings on motions to strike and for entry of default judgment are reviewed by this Court using an abuse of discretion standard.[3] Indeed, a "trial judge has broad discretion in the enforcement of the discovery provisions of the Civil Practice Act, and [we] will not interfere with the exercise of that discretion absent clear abuse."[4] Moreover, a total failure to respond to a discovery request can subject "a party to immediate sanctions pursuant to OCGA § 9-11-37 (d)."[5] Nevertheless, dismissal and default are the

---

[2] *Cameron v. Miles*, 304 Ga. App. 161, 163 (695 SE2d 691) (2010).

[3] *E.g., Heath v. Beech*, 300 Ga. App. 756, 756 (1) (686 SE2d 283) (2009); *Edenfield & Cox, P.C. v. Mack*, 282 Ga. App. 816, 816 (640 SE2d 343) (2006).

[4] *Wetherington v. Koepenick & Horne, Inc.*, 153 Ga. App. 302, 304 (2) (265 SE2d 107) (1980) (citation and punctuation omitted); *see also Flott v. Southeast Permanente Med. Group, Inc.*, 274 Ga. App. 622, 623 (2) (617 SE2d 598) (2005) ("Trial judges have broad discretion in controlling discovery, including imposition of sanctions, and appellate courts will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion." (footnote and punctuation omitted)).

[5] *Barron v. Spanier*, 198 Ga. App. 801, 801 (403 SE2d 88) (1991) (citations omitted); *see also Green v. Snellings*, 260 Ga. 751, 752 (1) (400 SE2d 2) (1991) ("Uniform Superior Court Rule 6.4 (B) does not require the moving party seeking to compel discovery to confer with counsel for the opposing party prior to filing a motion to compel where no discovery responses have been filed.").

harshest sanctions available for the trial court to impose, and "[w]e have cautioned against the use of these harsher sanctions except in extreme cases[.]"[6]

In this regard, Miles's motion to strike argued, inter alia, that Cameron was intentionally slow and unresponsive to discovery requests, that Miles had sent a good faith letter to resolve the issue, and that under OCGA § 9-11-37, Cameron's answer and counterclaim should be struck and Miles should be awarded attorney fees. And while we have previously upheld a trial court's decision to strike a party's answer and counterclaim when that party has been intentionally slow and unresponsive to discovery requests,[7] the trial court in the case sub judice explicitly stated in its order that it struck Cameron's answer and counterclaim—and, accordingly, entered default judgment—based solely upon Cameron's failure to respond to the motion to strike. In doing so, the trial court erred.

In so holding, we note that the hearing at which the trial court orally granted Miles's motion was not transcribed, leaving us with no transcript to review on appeal. And while it is generally true that in the absence of a transcript "[w]e must presume the rulings of the trial court are supported by the evidence,"[8] this principle only applies if consideration of the transcript is essential to the resolution on appeal.[9] But here, the trial court's error appears on the face of its summary order, making a review of the transcript unnecessary to warrant a reversal on this enumeration of error.

As we have previously held, "[t]he failure of a nonmoving party to file responsive material . . . does not automatically entitle the moving party to judgment" because "[t]here is no such thing as a

---

[6] *Schrembs v. Atlanta Classic Cars, Inc.*, 261 Ga. 182, 182 (402 SE2d 723) (1991) (citation omitted); *see also Rucker v. Blakey*, 157 Ga. App. 615, 615-16 (278 SE2d 158) (1981) (observing that predecessor of OCGA § 9-11-37 was identical to its Federal Rules equivalent, which "has been interpreted to require a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance" before a motion to strike and default judgment should be granted for discovery abuses (citation and punctuation omitted)).

[7] *See, e.g., Green*, 260 Ga. at 752 (1) (affirming dismissal of an answer when "the record support[ed] the trial court's finding in its order that [the defendant] willfully failed to file interrogatory responses"); *Flott*, 274 Ga. App. at 625 (2) (affirming dismissal of a claim when "[t]he trial court was authorized to conclude that [the plaintiff] was intentionally prolonging the discovery process" (footnote omitted)); *Lightwerk Studios, Inc. v. Door Units of Ga., Inc.*, 191 Ga. App. 756, 756-57 (1) (382 SE2d 699) (1989) (affirming dismissal of defendant's answer and counterclaim when evidence indicated that they "were uncooperative in arranging for discovery"); *see also Bryant v. Nationwide Ins. Co.*, 183 Ga. App. 577, 578 (359 SE2d 441) (1987) ("[T]he failure of a party either to respond to interrogatories or to seek a protective order authorizes the imposition of immediate sanctions without the preliminary necessity of an order to compel." (citation omitted)).

[8] *Wetherington*, 153 Ga. App. at 305 (2) (citation and punctuation omitted); *see also Sterling, Winchester & Long, LLC v. Loyd*, 280 Ga. App. 416, 419 (4) (634 SE2d 188) (2006).

[9] *See, e.g., Baker v. Brannen/Goddard Co.*, 274 Ga. 745, 747 (1) (559 SE2d 450) (2002).

default judgment on the pleadings.''[10] For this reason, we conclude that the trial court's grant of the motion to strike for its stated basis was an abuse of discretion.[11] Thus, although Miles now contends that the trial court did not strike the answer and counterclaim due solely to Cameron's failure to respond to the motion and that it was instead granted for the reasons given in the actual motion to strike, the explicit language of the trial court's order (and Miles's own subsequent filings[12]) suggests otherwise. Accordingly, we reverse the trial court's order striking Cameron's answer and counterclaim and the entry of default judgment.

2. Cameron further argues that the trial court erred in awarding Miles $25,000 in attorney fees with no hearing or motion on same, and with no factual or statutory basis for the award contained in the trial court's order. We agree that the trial court's order is deficient in this respect and therefore vacate and remand for clarification.

The parties dispute under which statutory basis the trial court awarded the attorney fees, whether Miles requested attorney fees, and whether the issue was properly addressed during the untranscribed hearing. What is undisputed is that the trial court's order does not specify a statutory basis or findings of fact to support the attorney-fees award. And given our analysis and holding supra in Division 1 (i.e., that the trial court improperly struck Cameron's answer and counterclaim), we are unable to conclude under what authority or factual basis the trial court awarded attorney fees.[13] We

---

[10] *Neely v. Jones*, 264 Ga. App. 795, 796 (592 SE2d 447) (2003) (citations and punctuation omitted); *see also Bishop v. Westminster Schools, Inc.*, 196 Ga. App. 891, 892 (1) (397 SE2d 143) (1990) (rejecting argument that party should be entitled to judgment on the pleadings when opposition failed to file a response to motion for same).

[11] *Cf. Robertson v. Wheeler*, 208 Ga. App. 68, 68 (1) (429 SE2d 714) (1993) (holding that trial court erred in granting summary judgment solely because the nonmovant failed to file the required pleadings, and noting that "the order . . . plainly states that was the reason for granting summary judgment").

[12] In Miles's response to Cameron's motion to set aside the original order, Miles noted that

> [t]he reason the Defendants lost this case is because their counsel failed to answer a critical motion. Ironically, the very reason the Plaintiff's Motion To Strike was submitted was due to the Defendant's [sic] constant disregard for timeliness under the rules of civil procedure. The fact that they did not respond to [the motion] was the final act in a series of several throughout the litigation in which Defendants' counsel failed to respond timely, if at all.

And in a later motion, Miles again highlighted that "[a]s a consequence of Defendants' failure to file any responsive motion . . . , the Court orally granted the Plaintiff's [motion]."

[13] *See Cotting v. Cotting*, 261 Ga. App. 370, 371-72 (1), (2) (582 SE2d 527) (2003) (holding, when trial court did not provide factual findings in order granting fees, "[s]imply put, we are in the dark regarding the trial court's intent, as well as the basis for its ruling, and we cannot properly review the . . . fee award"); *see also Unifund CCR Partners v. Mehrlander*, 309 Ga. App. 685, 686-87 (710 SE2d 882) (2011) (holding that "meaningful appellate review" was impossible when, *inter alia*, trial court "fail[ed] to include in its order an explanation for the statutory bases upon which the award of attorney fees and litigation expenses was granted, as

therefore vacate the trial court's grant of this award and remand for further clarification of this order.[14]

Accordingly, for all the foregoing reasons, we reverse the trial court's grant of the motion to strike Cameron's answer and counterclaim and the entry of default judgment, and we vacate the grant of attorney fees and remand with direction.

*Judgment reversed in part and vacated in part, and case remanded with direction. Smith, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 21, 2011.

*Hollowell, Foster & Herring, Stanley E. Foster, Jolanda E. Herring*, for appellants.

*Precious Anderson-Scott, David A. Webster*, for appellee.

---

well as express findings of fact and conclusions of law in support of same" (footnote omitted)). *Compare Simmons v. Simmons*, 288 Ga. 670, 673-74 (6) (706 SE2d 456) (2011) (on appeal, court was able to discern from record under which statutory authority the trial court granted award of attorney fees).

[14] *See Leggette v. Leggette*, 284 Ga. 432, 433 (2) n.5 (668 SE2d 251) (2008) ("The fact that the hearing on attorney fees was not transcribed does not require that we affirm the award, as our ruling is not 'dependent upon consideration of evidence heard by the trial court.' " (citation omitted)). *Cf. Cohen v. Nudelman*, 269 Ga. App. 517, 524 (5) (604 SE2d 580) (2004) (vacating and remanding trial court's award of expenses when it was unclear from order what statutory provision was the basis for the award, leaving this Court "unable . . . to properly review the award").