**FIRST DIVISION
ELLINGTON, C. J.,
PHIPPS, P. J., and DILLARD, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**July 3, 2012**

# In the Court of Appeals of Georgia

A12A0641. AMTRUST NORTH AMERICA, INC. v. PALMER
    TRUCKING & LEASING, INC. et al.

DILLARD, Judge.

Amtrust North America ("Amtrust") appeals the trial court's decision to strike its complaint and enter judgment in favor of Palmer Trucking and Leasing, Inc., An Jan Hauling, Inc., and Janette Palmer (collectively "Palmer") after counsel for Amtrust failed to appear at the call of the case for trial. Specifically, Amtrust argues that the trial court erred in granting Palmer's motion to strike (1) in light of a conflict letter filed by counsel for Amtrust, which listed two other trial cases having priority; (2) without affording Amtrust the response time set forth in Uniform Superior Court Rule 6.2; and (3) without allowing adequate response time because the motion was never served upon Amtrust. Because we agree that the trial court erred in striking the

pleadings and entering judgment against Amtrust, we vacate the court's order and reverse the judgment for the reasons set forth *infra.*

The record reflects that Amtrust filed suit against Palmer in January 2011, seeking monetary damages for an allegedly fraudulent worker's compensation claim. Palmer answered and sought attorney fees and other damages based on a claim that Amtrust had been stubbornly litigious. The case was eventually set for an October 3, 2011 trial date. But in a letter dated September 22, 2011, Amtrust's counsel notified judges, clerks of court, and opposing counsel of conflicts for the week of October 3, 2011, through October 7, 2011. The letter listed two cases in the State Court of Fulton County as having priority over the instant case pursuant to Uniform Superior Court Rule 17.1, and it notified the recipients that counsel would "appear as set forth below and ask the Courts to consider Conflict [sic] if I am not able to reach their case."

As scheduled, on October 3, 2011, at 9:00 a.m., the Superior Court of White County called the case *sub judice* for jury trial. Neither Amtrust nor Amtrust's counsel was present for the call, and the court later called the case for trial again at 10:15 a.m. Upon the second call of the case and nonappearance of Amtrust or Amtrust's counsel, Palmer entered a Motion to Strike for Failure to Appear. The motion cited Amtrust's failure to appear for either call and Palmer's presence at both

2

calls, and Palmer requested that the court strike Amtrust's pleadings and grant judgment in favor of Palmer. The motion was granted the same day, Amtrust's pleadings were struck, and judgment was granted in favor of Palmer. This appeal by Amtrust follows.

At the outset, we note that a trial court's ruling on a motion to strike is reviewed for an abuse of discretion.[1] With this in mind, we will now address Amtrust's enumerations of error.

1. Amtrust first argues that the trial court erred in granting Palmer's motion to strike and judgment in favor of Palmer for Amtrust's failure to appear when counsel for Amtrust sent a timely conflict letter in compliance with Uniform Superior Court Rule 17.1. We agree.

Uniform Superior Court Rule 17.1 provides that an attorney is not deemed to have a conflict unless (1) the attorney is lead counsel in two or more of the affected actions and (2) the attorney certifies that the matter and client interests cannot be adequately handled and protected by another attorney, the attorney has been unable to resolve the conflict, and the attorney proposes a resolution in compliance with the

---

[1] *See Cameron v. Miles*, 311 Ga. App. 753, 754 (716 SE2d 831) (2011) ("[R]ulings on motions to strike and for entry of default judgment are reviewed by this Court using an abuse of discretion standard.").

Rule's order of priorities.[2] And when an attorney is scheduled for a day certain by "trial calendar, special setting or court order to appear in two or more courts . . . , the attorney shall give prompt written notice . . . of the conflict to opposing counsel, to the clerk of each court and to the judge before whom each action is set for hearing . . . ."[3] This written conflict notice is expected to be received at least seven days prior to the conflict date.[4]

After the conflict notice is given, unless there is an objection by opposing counsel or the affected courts, the attorney's proposed resolution of conflict order stands as offered in the letter.[5] As to which obligations take priority, Rule 17.1 provides a list of varying categories of legal matters in order[6] and specifies that "[j]ury trials shall prevail over non-jury matters, including trials and administrative proceedings."[7] Finally, the Rule designates that within each category, "the action

---

[2] Unif. Sup. Ct. R. 17.1 (A).

[3] Unif. Sup. Ct. R. 17.1 (B).

[4] *Id.*

[5] *Id.*

[6] *See* Unif. Sup. Ct. R. 17.1 (B) (1) - (4).

[7] *Id.* (B) (2).

which was first filed shall take precedence."[8] And if a judge wishes to change the order of cases to be tried, notice must be given promptly after the affected judges reach an agreement.[9]

Here, the conflict letter from Amtrust's counsel was dated September 22 and marked as received on September 26,[10] and listed two Fulton County cases as having priority over that between Amtrust and Palmer. The conflicting cases were both listed as "on call" for jury trials on October 3, 2011, in the State Court of Fulton County and had been filed in August 2009 and November 2009, respectively—well before the January 2011 filing date in this case. Finally, the record does not reflect any objection to the conflict letter by either opposing counsel or the Superior Court of White County.

Given the compliance by Amtrust's counsel with the explicit terms of Rule 17.1, it is unclear why the trial court granted Palmer's motion to strike for failure to

---

[8] *Id.* (B) (4).

[9] *Id.* (B).

[10] We note that the copy of the letter in the record before us does not bear a file stamp but is initialed as having been received on September 26, 2011. Nevertheless, Palmer does not dispute that counsel for Amtrust sent the letter or that the letter was received by all listed recipients.

appear, and the court's order (which was drafted by Palmer's counsel) neglects to even mention the conflict letter. Nevertheless, Palmer argues on appeal that the Fulton County cases did not have priority over the White County case because those cases were merely "on call" for trial. But Rule 17.1 makes no such distinction in its priority list.[11] Accordingly, the trial court erred by failing to consider Amtrust's conflict letter.[12] We therefore reverse.

2. Given our holding in Division 1, we need not address Amtrust's remaining enumerations of error.

Accordingly, for all the foregoing reasons, we vacate the trial court's order and reverse the judgment granted in favor of Palmer.

*Vacated and judgment reversed. Ellington, C. J., and Phipps, P. J., concur.*

---

[11] *See* Unif. Sup. Ct. R. 17.1 (B) (1) - (4).

[12] *See Foster v. Gidewon*, 280 Ga. 21, 22-23 (1) (622 SE2d 357) (2005) (reversing trial court's judgment when trial court failed to honor conflict letter). *Compare McKnight v. Wyrick*, 247 Ga. App. 584, 585 (544 SE2d 507) (2001) (holding that trial court properly granted motion to dismiss without prejudice when counsel failed to give requisite notice of conflict and failed to appear).