## A01A0043. SOUTH v. BANK OF AMERICA.
### (551 SE2d 55)

PHIPPS, Judge.

Harry South appeals a superior court order granting judgment on the pleadings to Bank of America. We reverse the order because we find that Bank of America is not entitled to judgment as a matter of law.[1]

On April 21, 1993, South's mother, Louise South, purchased an 18-month certificate of deposit ("CD") from NationsBank for $40,000. She placed the CD in her and South's names. However, she did not inform South of the purchase. On October 29, 1994, pursuant to a

---

[7] *Mitchell v. State,* 200 Ga. App. 146, 147 (1) (407 SE2d 115) (1991).

[8] Id.

[9] See *Edwards v. State,* 239 Ga. App. 44, 45-46 (1) (518 SE2d 426) (1999); *Baker v. State,* 202 Ga. App. 73, 75 (1) (413 SE2d 251) (1991).

[1] *Bishop v. Westminster Schools,* 196 Ga. App. 891, 892 (1) (397 SE2d 143) (1990).

telephone request by Louise South, the bank redeemed the CD for its matured value, added those funds to other funds belonging to her, and opened a second CD in her name only.

After Louise South's death in 1999, South learned of these transactions and filed suit against Bank of America, the successor to NationsBank. South asserted that by negotiating the original CD without his knowledge or consent, the bank violated his ownership rights, converted the proceeds of the CD, and breached its contract. South also sought equitable reformation of the CD, attorney fees and expenses of litigation, and punitive damages.

After filing its answer to South's complaint, Bank of America filed a motion for judgment on the pleadings. Bank of America contended that it was protected from liability by OCGA § 7-1-816, which provides: "Financial institutions may enter into multiple-party accounts to the same extent that they may enter into single-party accounts. Any multiple-party account may be paid, on request, to any one or more of the parties." Within the meaning of that statute, an account includes a CD.[2]

In his reply to the motion, South contended that Bank of America's redemption of the CD was not protected by OCGA § 7-1-816 because Bank of America did not meet a requirement in the caption to OCGA § 7-1-816 that there be no payment on a multi-party account except on the signature of at least one party. Without the protection of OCGA § 7-1-816, South argued, the redemption constituted a breach of contract and a violation of former OCGA § 11-3-116,[3] which was effective at the time of the transaction.[4] Former OCGA § 11-3-116 provided:

> [A negotiable] instrument payable to the order of two or more persons: (a) If in the alternative [was] payable to any one of them and [could] be negotiated, discharged, or enforced by any of them who has possession of it; (b) If not in the alternative [was] payable to all of them and [could] be negotiated, discharged, or enforced only by all of them.[5]

---

[2] OCGA § 7-1-810 (1).

[3] South appears to assert the violation of former OCGA § 11-3-116 as a basis for tort liability. See generally *Wages v. Amisub of Ga.*, 235 Ga. App. 156, 159 (1) (508 SE2d 783) (1998) (violation of general duty of care imposed by law may provide basis for tort liability); see also OCGA § 51-1-1.

[4] See OCGA Title 11, Art. 3, editor's notes.

[5] Under former OCGA § 11-3-104 (2) (c) and (3), a CD might or might not constitute a negotiable instrument. This record contains only a copy of Louise South's customer receipt, which does not show whether the CD in this case was negotiable. See *NeSmith v. Ellerbee*, 203 Ga. App. 65, 67 (1) (416 SE2d 364) (1992); but see *Mashburn v. Wright*, 204 Ga. App. 718, 722 (420 SE2d 379) (1992).

South also argued that, at a minimum, judgment on the pleadings was precluded because a factual question existed regarding whether the bank had disbursed the funds on the "request" of a party to the account, which was a precondition to the protection afforded by OCGA § 7-1-816. OCGA § 7-1-810 (12) defines "request" as "a proper request for withdrawal or a check or order for payment which complies with all conditions of the account, including special requirements concerning necessary signatures and regulations of the financial institution. . . ."

The superior court granted the motion for judgment on the pleadings based upon the following determinations: (1) OCGA § 7-1-816 controlled over OCGA § 11-3-116; (2) there was no signature requirement in OCGA § 7-1-816 as South contended; (3) South's complaint did not allege failure of the bank to act pursuant to a proper request except to the extent that the CD was negotiated without his knowledge and consent; and (4) OCGA § 7-1-816 justified the bank's action in negotiating the CD with Louise South individually and without South's knowledge and consent.

On a motion for judgment on the pleadings under OCGA § 9-11-12 (c), all well-pleaded material allegations by the nonmovant are taken as true, and all denials by the movant are taken as false. Granting the motion is proper only where there is a complete failure to state a cause of action or defense[6] and the movant is thus entitled to judgment as a matter of law.[7]

1. To the extent that a conflict would arise from the application of both OCGA §§ 7-1-816 and 11-3-116, OCGA § 7-1-816 would control because it is a more recent legislative pronouncement and is more specific.[8] Moreover, contrary to South's contention, the caption of OCGA § 7-1-816, which refers to "payment on signature of one party," does not create a requirement that banks obtain the signature of at least one party to the account. OCGA § 1-1-7 provides, "Unless otherwise provided in this Code, the descriptive headings or catchlines immediately preceding or within the text of the individual Code sections . . . do not constitute part of the law and shall in no manner limit or expand the construction of any Code section."[9]

The determinative question in this appeal is whether this record clearly shows that the funds were paid *on a proper request,* as defined by statute, to one of the parties of the multi-party account.[10]

---

[6] *Maxwell v. Cronan,* 241 Ga. App. 491, 493 (1) (527 SE2d 1) (1999).

[7] *Bishop,* supra; *Seaboard Coast Line R. Co. v. Dockery,* 135 Ga. App. 540, 543 (218 SE2d 263) (1975).

[8] See *Glinton v. And R, Inc.,* 271 Ga. 864, 866-867 (524 SE2d 481) (1999).

[9] OCGA § 1-1-7.

[10] See OCGA § 7-1-816.

In his brief opposing the motion for judgment on the pleadings, South asserted that "a proper request was not made here, . . . that the certificate was redeemed in violation of the rights granted to him by the bank and in violation of the law." The record contains no information regarding the conditions of the account or the regulations of the bank. In the absence of such information, it cannot be determined whether the funds were disbursed pursuant to a proper request and thus whether OCGA § 7-1-816 is applicable.

Bank of America contends that any error by the superior court in resolving this issue was harmless because the CD proceeds indisputably were paid to Louise South rather than to a stranger to the account and because South was only a third-party beneficiary to the contract and did not change position based upon the existence of the contract. We disagree. First, despite the fact that the CD proceeds were paid to Louise South, a person who had a lawful interest in the funds, a jury could find that South suffered financial harm as a result of the funds being disbursed and ultimately passing into Louise South's estate. Second, we do not agree that South was merely a third-party beneficiary to the contract.[11] Bank of America concedes in its brief that for purposes of this motion, South was a joint owner of the CD account. As such, he was a party to the agreement.[12]

Because the trial court erred in determining on the basis of this record that the bank complied with OCGA § 7-1-816, and because we do not find that the error was harmless, we hold that the trial court erred in granting judgment on the pleadings to Bank of America.

2. We address South's second enumeration of error because it presents an issue which may arise again in this litigation. South asserts that even if OCGA § 7-1-816 applies to this case, it does not bar his claim for breach of contract. However, OCGA § 7-1-820 plainly states, "Payment made pursuant to Code Section 7-1-816 . . . discharges the financial institution from all claims for amounts so paid. . . ." Aside from the plain language of OCGA § 7-1-820, the legislative intent to bar even breach of contract claims can be seen from the fact that the General Assembly made compliance with the terms of the account agreement and bank regulations a precondition to the applicability of OCGA § 7-1-816.[13] Thus, where OCGA § 7-1-816 applies, there is no basis for a breach of contract claim.[14] Where OCGA § 7-1-816 does not apply, liability may attach for breach of

---

[11] Compare *Brice v. Nat. Bondholders Corp.*, 187 Ga. 511, 517-519 (5) (1 SE2d 426) (1939).

[12] See OCGA § 7-1-810 (4), (5).

[13] See OCGA §§ 7-1-816; 7-1-810 (12).

[14] Id.

contract.[15]

3. Because we have addressed the appropriateness of the order granting judgment on the pleadings, it is unnecessary to consider whether the trial court erred in not granting South's motion for reconsideration of the order.[16] In deciding this appeal, this court did not consider documents which South attached to his motion for reconsideration and which were not part of the record when the superior court ruled on the motion for judgment on the pleadings. Consideration of those documents on appeal would be inappropriate.[17] Thus, we grant Bank of America's motion to exclude those documents from the record on appeal and deny South's motion to add them.

*Judgment reversed. Smith, P. J., and Barnes, J., concur.*

DECIDED MAY 15, 2001 —
RECONSIDERATION DENIED JULY 26, 2001.

*Duffy, Feemster & Lewis, Matthew M. Bush,* for appellant.
*Inglesby, Falligant, Horne, Courington & Nash, Kathleen Horne, Owen C. Murphy,* for appellee.

---

[15] See *Ralston v. Etowah Bank*, 207 Ga. App. 775, 777 (2) (429 SE2d 102) (1993).

[16] The trial court did not enter a ruling on South's motion for reconsideration, which was filed approximately three weeks after the court entered its order granting judgment on the pleadings to Bank of America. The motion for reconsideration did not toll the 30-day period for filing a notice of appeal. *Hardrick v. Morgan,* 240 Ga. App. 155 (522 SE2d 742) (1999). When South filed his notice of appeal, the trial court could no longer alter the judgment appealed. *JarAllah v. American Culinary Federation,* 242 Ga. App. 595 (529 SE2d 919) (2000).

[17] See *Givens v. Ichauway, Inc.*, 268 Ga. 710, 712-713 (1) (493 SE2d 148) (1997) (appellate courts will review only evidence presented to trial court before its ruling on motion for summary judgment); *Segrest v. Intown True Value Hardware*, 190 Ga. App. 588, 591 (3) (379 SE2d 615) (1989) (trial court did not abuse its discretion in refusing to consider documents tendered for the first time under the guise of supporting a motion for reconsideration).