[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11142
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-00952-EAK-TBM


COREY A. MCDOWELL BEY,

                                                            Plaintiff-Appellant,

versus

RICHARD VEGA,
of Tampa Police Dept. #45789,

                                                            Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 17, 2014)

Before HULL, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Corey Anthony McDowell Bey, proceeding pro se, appeals dismissal without prejudice of his civil rights complaint under 42 U.S.C. § 1983 and state law.  We affirm.

## I. BACKGROUND

In his complaint, McDowell Bey alleges he voluntarily surrendered to the Hillsborough County Sherriff's Office ("HCSO") for a misdemeanor traffic citation on May 7, 2009.  After he had paid a bail bondsman for the citation, the bondsman told McDowell Bey he was subject to no additional outstanding warrants.  Upon his release from the HCSO, Officer Richard Vega of the Tampa Police Department ("TPD") allegedly unlawfully arrested McDowell Bey, while falsely claiming a blank sheet of paper was a warrant for his arrest on drug-trafficking charges.  Because Officer Vega was not in "fresh pursuit" of McDowell Bey, he lacked the authority to execute an arrest warrant.  ROA1-1 at 10.

After Officer Vega placed him in a squad car, McDowell Bey further alleged Officer Vega drafted an arrest report based on warrants he knew were void at the time of McDowell Bey's arrest.  He asserted his arrest was unlawful, because the warrants for his arrest never were "validated, executed, presented, or delivered to sheriffs for execution," and were based on a complaint lacking in probable cause.  ROA1-1 at 12-13 (emphasis omitted).  In April 2012, McDowell Bey filed a pro se civil rights complaint under § 1983 and state law against Officer Vega.  He raised

2

claims under the Fourth, Thirteenth, and Fourteenth Amendments to the United States Constitution, and the Florida constitution. Because of his unlawful arrest, McDowell Bey alleged he had "suffered vindictive and malicious" bond hearings, lost his job, suffered extreme emotional distress, and had to sell property to supplant the loss to his family of his income. ROA1-1 at 12-14. He also was not given a proper diet while in jail, which caused him to suffer numerous physical ailments. McDowell Bey sought compensatory and punitive damages as well as declaratory relief.

Officer Vega moved to dismiss the complaint, because McDowell Bey's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), which holds a plaintiff may not bring a § 1983 action, when the basis for the claim implicates the validity of a state criminal conviction. He asserted warrants were issued for McDowell Bey's arrest on April 30, 2009. A jury convicted McDowell Bey of hydrocodone trafficking, and he was sentenced to 15 years of imprisonment; his convictions were affirmed on direct appeal. Officer Vega contended McDowell Bey's success in his case would implicate the validity of the charges for which he already had been convicted and sentenced. Because McDowell Bey had not shown his convictions had been invalidated, Officer Vega maintained his claims were barred by *Heck*.

3

In his opposition to Officer Vega's motion to dismiss, McDowell Bey argued his claims for police misconduct during the course of an investigation, and for damages suffered during his unconstitutional pretrial detention, did not implicate the validity of his convictions. He further contended the arrest warrants in his state cases had never been "issued" under Florida law. ROA1-18 at 3-4. Moreover, because the complainant was a county sheriff and not a TPD officer, only the sheriff had jurisdiction to arrest McDowell Bey absent "fresh pursuit." ROA1-18 at 4. McDowell Bey asserted Officer Vega also was not entitled to qualified immunity, because no arguable probable cause existed, and Officer Vega could not have acted in good faith.

The district judge dismissed McDowell Bey's complaint without prejudice as barred by *Heck*. The judge concluded McDowell Bey's success in this case would implicate the validity of his state-court convictions and sentences. The judge explained that McDowell Bey's claims, if true, show he was unlawfully arrested, prosecuted, and convicted based on non-existent warrants for non-existent charges; therefore, his convictions, resulting from his unlawful arrest, were obtained wrongfully. The district judge denied McDowell Bey's motion for reconsideration under Federal Rule of Civil Procedure 59(e).

McDowell Bey argues pro se on appeal the judge erred in dismissing his complaint as barred by *Heck*, because establishing his arrest was unlawful would

4

not necessarily implicate the invalidity of his subsequent convictions. He did not assert false-imprisonment or malicious-prosecution claims; instead, his claims were restricted to the damages he suffered before he was arraigned. McDowell Bey further contends the district judge erred by not allowing him an opportunity to amend his complaint.

Officer Vega pursues his contention McDowell Bey's claims are barred by *Heck*. He contends McDowell Bey was not entitled to amend his complaint, because he failed to show he would have been able to state a claim against Officer Vega. Once he confirmed the validity of the arrest warrants, Officer Vega represents he was authorized to arrest McDowell Bey, regardless of whether he was in physical possession of the warrants. As exhibits to his reply brief, McDowell Bey has submitted Case Progress reports from his state-court cases. He argues these reports substantiate his claims that Officer Vega was not authorized to arrest him under Florida law.

## II. DISCUSSION

We review a district judge's granting a motion to dismiss de novo; we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008) (per curiam). If a successful § 1983 suit for damages necessarily would implicate the validity of a conviction or sentence that has not been invalidated

before the commencement of the § 1983 suit, the suit must be dismissed. *Heck*, 512 U.S. at 486-87, 114 S. Ct. at 2372. For *Heck* to apply, a successful § 1983 suit and the underlying conviction must be logically contradictory. *Dyer v. Lee*, 488 F.3d 876, 884 (11th Cir. 2007). Where a prisoner in state custody seeks to challenge the fact of his confinement, the appropriate relief is a federal habeas petition, not a § 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S. Ct. 1242, 1245 (2005).

Because an unlawful search or arrest for lack of a warrant or probable cause may be followed by a valid conviction, a successful § 1983 suit for a Fourth Amendment seizure violation does not necessarily implicate the validity of the subsequent conviction. *See Hughes v. Lott*, 350 F.3d 1157, 1160-61 (11th Cir. 2003); *see also Gerstein v. Pugh*, 420 U.S. 103, 118-19, 95 S. Ct. 854, 865 (1975) (holding that a prosecutor's assessment of probable cause alone is insufficient to justify pretrial detention, while noting that this holding did not signal a retreat from the rule that "illegal arrest or detention does not void a subsequent conviction"). *Heck* generally does not bar claims relating to an unlawful arrest. *Hughes*, 350 F.3d at 1160. Nevertheless, not all Fourth Amendment seizure claims fit this exception; a judge must compare the § 1983 claims and the crimes of conviction to determine, if the claims were successful, they would implicate the validity of the state conviction by negating an element of the crime. *Id.* at 1160 n.2.

6

McDowell Bey alleges he encountered Officer Vega, who arrested him and told him he was being arrested on a warrant.  He alleges Officer Vega was unable to find a warrant, when he searched his computer and had no official paperwork showing there was a warrant.  He represents Officer Vega falsified documents to make it appear he had arrested McDowell Bey on outstanding felony warrants and lied, when McDowell Bey asked to see the warrants.  McDowell Bey argues his arrest violated the Fourth, Thirteenth, and Fourteenth Amendments; he seeks a declaratory judgment that Officer Vega violated his rights plus compensatory and punitive damages.

We conclude McDowell Bey's claim is not barred by *Heck*.  If McDowell Bey were to succeed in his claim that his arrest was unlawful when it occurred, nothing in the record suggests the validity of his subsequent trafficking convictions would be called into question.  *See Heck*, 512 U.S. at 486-87, 114 S. Ct. at 2372. The district judge, however, did not err in dismissing the case.  In her order dismissing McDowell Bey's case, the district judge took judicial notice from "[r]eview of the Clerk's docket in the underlying criminal cases[, which] demonstrate[d] that two warrants were issued for the Plaintiff's arrest on April 30, 2009, for Trafficking charges related to Florida Thirteenth Judicial Circuit Case numbers 09-CF-007587 and 09-CF-007612."  ROA1-19 at 2.  Fed. R. Evid. 201(c)-(d) (allowing a judge to take judicial notice of a fact an "at any stage of the

7

proceeding"); *see Long v. Slaton*, 508 F.3d 576, 578 n.3 (11th Cir. 2007) (recognizing a judge is not always limited to the four corners of the complaint at the Federal Rule of Civil Procedure 12(b)(6) stage and taking judicial notice of facts contained in a report from a state agency); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (noting a judge permissibly looked at docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); *United States v. Mercado*, 412 F.3d 243, 247-48 (1st Cir. 2005) (taking judicial notice of state-court docket entries).

Because the warrants were issued on April 30, 2009, they clearly were outstanding on May 7, 2009, when McDowell Bey was arrested. These warrants gave Officer Vega probable cause to arrest McDowell Bey, and it is clear from the record McDowell Bey's allegation that Officer Vega misled him regarding the warrants being executed was meritless. We may affirm on any ground that appears in the record. *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012).

**AFFIRMED.**

8