**FOURTH DIVISION**
**RAY, J.**
**MCMILLIAN and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**FEBRUARY 29, 2016**

# In the Court of Appeals of Georgia

A15A1905. MOORE v. McKINNEY.                                    PE-091

PETERSON, Judge.

The trial court granted Anthony Moore's petition for modification of the child custody and support terms that had been established by a divorce decree. Moore, proceeding pro se, appeals and generally challenges the trial court's determinations regarding Janeene McKinney's child support obligations and other amounts owed to Moore. Because we conclude that the trial court made several errors in this respect, we vacate and remand for further proceedings.

The record[1] shows that Moore and McKinney were divorced in 2002, when their children M. M. and D. M. were eight and four years old, respectively. McKinney was granted primary physical custody of the children, and Moore was ordered to pay child support until each child turned 18 years old or until the child finished secondary school, whichever came later, but in any case ending when the child turned 20 years of age. McKinney was required to provide health insurance coverage for the children, and the parties agreed to share the uninsured medical expenses for the children.

In January 2014, after McKinney physically abused the children, the children moved out of their mother's house, filed and obtained temporary protective orders, and moved in with Moore. Both children signed affidavits of election indicating their desire to live with Moore on a full-time basis. In February 2014, Moore petitioned to modify physical custody and child support.

Thereafter, the parties entered into a temporary consent order, giving Moore primary custody of D. M.[2] Pursuant to the consent order, the parties agreed that

[1] McKinney did not file a responsive brief in this appeal; therefore, she is deemed to have admitted the statement of facts as set out by Moore in his brief, to the extent that the statement of facts is supported by the record. *See, e.g.*, *Payless Car Rental System, Inc. v. Elkik*, 306 Ga. App. 389, 390 n.4 (702 SE2d 697) (2010); *see also* Court of Appeals Rule 25(b)(1).

[2] At this time, M. M. was 19 years old, but was still in high school.

McKinney was required to provide and pay for medical, vision, and dental insurance for the children; to continue equally to share uninsured medical expenses; to take the children to a therapist or psychologist; and to split the out-of-pocket costs and expenses for the children's therapy until each child graduated from high school. The trial court terminated Moore's child support obligations effective January 31, 2014, and reserved the issues of McKinney's child support liability starting February 1, 2014.

Moore subsequently incurred several health care expenses for the children while they were living with him. Moore provided McKinney with copies of the receipts and requested that she pay her share of the expenses. McKinney refused to reimburse Moore, and he filed a motion for contempt against McKinney for failing to comply with the consent order.

Following a two-day hearing, the trial court issued a final order holding McKinney in contempt and awarding physical custody of D. M. to Moore. The trial court ordered McKinney to provide health insurance and pay $117 a month in child support for D. M. until he reached 18 years of age, pay $1,287 in back child support, and pay $15,396.50 in attorney fees. This appeal followed.

1. Moore argues that the trial court erred in failing to order McKinney to reimburse him for his child support payment in January 2014 because the children started living with him in that month. We find that the trial court erred, but not for the reasons suggested by Moore.

The February 18, 2014 temporary consent order provided that Moore's obligations to pay child support "terminated retroactively to January 31, 2014." It is well settled that a child support judgment is enforceable until modified, vacated, or set aside. *Jarrett v. Jarrett*, 259 Ga. 560, 561 (1) (385 SE2d 279) (1989). Although a permanent judgment of child support can be temporarily modified pending a final order in a modification action, OCGA § 19-6-19(c), a child support judgment cannot be modified retroactively. *Jarrett*, 259 Ga. at 561 (1). "A child support obligation may be modified on a prospective basis only[.]" *Rose v. Thorpe*, 240 Ga. App. 834, 834 (525 SE2d 381) (1999).

The temporary consent order, entered on February 18, 2014, could modify child support obligations only on a prospective basis. *See id.* The trial court could not order McKinney to reimburse Moore for the January 2014 child support payment because this would effectively be a retroactive modification of McKinney's child support obligations. Similarly, the trial court could not order Moore to stop making child

4

support payments "retroactive to January 31, 2014," and the trial court erred by making this retroactive modification. Furthermore, because the trial court could not retroactively change Moore's child support obligations to January 31, 2014, it necessarily miscalculated the number of months that had passed in determining the amount of back child support owed by McKinney.

2. We also find that the trial court erred, as Moore alleges, in failing to require the parties to share uninsured medical expenses for D. M.

OCGA § 19-6-15(h)(3)(A) provides that:

The child's uninsured health care expenses shall be the financial responsibility of both parents. *The final child support order shall include provisions for payment of the uninsured health care expenses*; provided, however, that the uninsured health care expenses shall not be used for the purpose of calculating the amount of child support. The parents shall divide the uninsured health care expenses pro rata, unless otherwise specifically ordered by the court.

(emphasis added). The statute makes clear that both parents are responsible for a child's uninsured health care expenses and requires the trial court to include provisions for payment of these expenses. The trial court erred by failing to include these provisions in its final order.

5

In light of the above errors, we must vacate the trial court's order regarding the parties' child support obligations. We need not consider Moore's other enumerations of error, because these arguments may be considered on remand,[3] and "[t]he cardinal principle of judicial restraint – if it is not necessary to decide more, it is necessary not to decide more – counsels us to go no further." *PDK Labs. Inc. v. U.S. D.E.A.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring); *see also Gowins v. Gary*, 288 Ga. App. 409, 414 (2) (654 SE2d 162) (2007) (after vacating child support award on one ground, declining to address other enumerations of error). Accordingly, we vacate and remand for further proceedings.

*Judgment vacated and case remanded. Ray and McMillian, JJ., concur.*

---

[3] We note that, following entry of the final order, Moore filed a motion for reconsideration raising many of the same arguments he raises on appeal. While the trial court was precluded from ruling on the motion once Moore filed his notice of appeal, *see Fortson v. Hotard*, 299 Ga. App. 800, 804 (3) (684 SE2d 18) (2009), nothing precludes the trial court from considering those arguments on remand.