Melton, Presiding Justice, concurring.
Even when considered in light of the concurrence from Justice Peterson, I agree with the analysis in the majority opinion. I write separately only to emphasize that, while this case was certainly easier to decide under a plain error standard, the outcome here could very well have been different had Chrysler made the proper Rule 403 objection below and this case had been evaluated under a normal abuse of discretion standard. In this regard, I would caution the bench and bar to be wary of the use of employee compensation evidence as a means of showing a witness' bias, because such evidence can be highly inflammatory and lead to unfair prejudice, and because there are other ways to show an employee's potential bias without referencing their actual income.
For example, the fact that a witness in employed full time with a particular company, alone, could show that the witness may be biased in favor of that place of employment. The employee's source of income, rather than the level of income itself, may be more relevant to one's potential bias in a *256 particular case. However, a focus on the employee's income may show not only the witness' bias, but may bias the jury against an employer to use the employee's income as a questionable basis for calculating compensatory, rather than punitive, damages in a case. Indeed, the plaintiffs specifically encouraged the jury to use Chrysler's CEO's income as a reference point for calculating its compensatory damages award. In order to reduce the risk of such abuses occurring, in those rare cases where employee compensation may be relevant to an issue presented at trial, I would encourage trial courts to use limiting instructions as an additional tool to blunt any potential prejudice and to direct the jury's attention to the limited purpose for which the evidence should be considered.
Peterson, Justice, concurring specially in part.
I concur fully in Divisions I and II (A) of the majority opinion. Although I concur in the judgment in Division II (B), I write separately because I do not agree with all that is said in that division.
I agree with the actual holding of the majority's opinion. Properly understood, that holding has three parts: (1) as explained in Division II (A), the trial court's admission of evidence of Chrysler CEO Sergio Marchionne's compensation ought to have been evaluated under Rule 403 ; (2) as explained in Division II (B), because Chrysler did not object on that basis, admission of that evidence is reviewable only for plain error; and (3) as further explained in Division II (B), the admission of that evidence is not reversible under that standard because even if admission of the evidence were error, any error was not obvious. I agree with each of those premises, and they are all that is necessary to decide the question this case presents. As such, "the cardinal principle of judicial restraint-if it is not necessary to decide more, it is necessary not to decide more-counsels us to go no further." Moore v. McKinney, 335 Ga. App. 855, 857, 783 S.E.2d 373 (2016) (quoting PDK Labs. Inc. v. U.S. Drug Enforcement Admin., 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring) ) (punctuation omitted). But Division II (B) does not stop there; it goes much further (mostly in dicta), and often with sweeping language that travels far beyond this case. Respectfully, I cannot go along.
I am authorized to state that Justice Boggs joins in this concurrence.