313 Ga. 364
FINAL COPY

S21A0899, S21X0900.  RILEY v. GEORGIA ASSOCIATION OF
CLUB EXECUTIVES; and vice versa.

ELLINGTON, Justice.

This appeal and cross-appeal concern the constitutionality of statutory provisions imposing an annual assessment on "adult entertainment establishment[s]," as that phrase is defined in OCGA § 15-21-201 (1) of the Safe Harbor/Rachel's Law Act.[1] In Case No. S21A0899, Lynnette T. Riley, the former State Revenue Commissioner, appeals from a partial grant of summary judgment in favor of the petitioner below, the Georgia Association of Club Executives ("GACE"), contending that the trial court erred by permanently enjoining the enforcement of OCGA § 15-21-201 (1) (B) – one of the definitions of "adult entertainment establishment" –

---

[1] Ga. L. 2015, p. 675, § 1-1, which was not codified by the General Assembly, provides: "This Act shall be known and may be cited as the 'Safe Harbor/Rachel's Law Act.'" Article 11 of the Official Code of Georgia, however, is titled the "Safe Harbor for Sexually Exploited Children Fund."

based on the court's ruling that the provision is unconstitutionally vague. In Case No. S21X0900, GACE cross-appeals, contending that the trial court erred in granting partial summary judgment in Riley's favor on the remaining claims of GACE's petition, arguing, among other things, that OCGA § 15-21-209, by imposing an annual assessment on adult entertainment establishments, violates constitutional due process and free speech protections. Although these appeals present challenges to the constitutionality of state statutes,[2] we do not address the merits of the appellant's or the cross-appellant's claims of error. Instead, we vacate the trial court's summary judgment order and subsequent final judgment because, as explained more fully below, GACE's action against Riley was moot when the trial court ruled.

Riley, the only defendant remaining in the civil action, was sued by GACE in her individual capacity.[3] Riley left the Revenue

---

[2] This Court has exclusive appellate jurisdiction over cases involving challenges to the constitutionality of a statute. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1).

[3] Citing this Court's decision in *Lathrop v. Deal*, 301 Ga. 408, 444 (III)

Department in May 2019 when the Governor appointed her as State Treasurer. On May 3, 2019, the Governor, pursuant to OCGA § 48-2-2 (b), appointed David Curry as Interim Revenue Commissioner.[4] Curry was succeeded by Interim Revenue Commissioner Frank O'Connell on June 2, 2021. Following her appointment, Robyn Crittenden was sworn in as Revenue Commissioner on July 1, 2021, and currently holds that office.[5]

The parties took no action in the trial court to substitute any of Riley's successors as a defendant. In fact, the appellate record is

---

(C) (801 SE2d 867) (2017), GACE explained in its original and amended complaints that it was bringing claims for prospective declaratory and injunctive relief against Riley in her individual capacity because those claims were not barred by the doctrine of sovereign immunity. GACE also sued the Attorney General, Christopher M. Carr, in his individual capacity, but he was dismissed from the action on July 18, 2018.

[4] OCGA § 48-2-2 (b) provides: "The commissioner shall be appointed by the Governor with the consent of the Senate and shall serve at the pleasure of the Governor."

[5] Public information concerning the service of current and former commissioners of the Georgia Department of Revenue is readily available on the Department's website, https://dor.georgia.gov/. Records of the Governor's past appointments to public office are readily available from the Governor's Office or on its official website, https://gov.georgia.gov/. And those executive appointments that require confirmation are recorded in the Senate Journal of the Georgia General Assembly and are readily accessible online at https://www.legis.ga.gov/senate/journal.

silent concerning Riley's departure and the appointment of her successors. When the Fulton County Superior Court entered its summary judgment order on April 2, 2020, and final judgment on June 15, 2020, Curry was Interim Revenue Commissioner.[6] Curry was also Interim Commissioner when Riley filed her notice of appeal on July 8, 2020, and when GACE cross-appealed on July 15, 2020.[7] The parties have not filed any pleading in this Court acknowledging that Riley is no longer Revenue Commissioner.

Because GACE sued Riley in her individual capacity, Crittenden, the current Revenue Commissioner, cannot be automatically substituted in Riley's place. Compare OCGA § 9-11-25 (d) (1) ("When a public officer is a party to an action *in his official capacity* and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate, and his successor is

---

[6] See https://gov.georgia.gov/press-releases/2019-05-03/kemp-appoints-david-curry-state-revenue-commissioner (last visited Feb. 15, 2022); https://dor.georgia.gov/press-releases/2019-05-14/david-curry-sworn-new-state-revenue-commissioner (last visited Feb. 15, 2022).

[7] See https://gov.georgia.gov/press-releases/2021-06-01/gov-kemp-swears-interim-revenue-commissioner (last visited Feb. 15, 2022); https://dor.georgia.gov/press-releases/2021-06-02/frank-oconnell-sworn-interim-commissioner (last visited Feb. 15, 2022).

automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution." (emphasis supplied)).[8]

Although the record does not reflect that Riley is no longer Revenue Commissioner, this Court may take judicial notice of the fact that the Governor, pursuant to OCGA § 48-2-2, appointed Riley's replacement on May 3, 2019, and swore him in on May 14, 2019. First, judicial notice may be taken by a court at any stage of the proceeding, whether requested by a party or not. See OCGA § 24-2-201 (c), (f). Second, OCGA § 48-2-2 requires that the Governor,

---

[8] We note that, on January 1, 2021, an amendment to the Georgia Constitution took effect which permits an action for declaratory judgment challenging the constitutionality of a state law to be brought directly against the State of Georgia. Ga. Const. of 1983. Art. I, Sec. II, Par. V (b) (1). Paragraph V (b) (2) provides, in pertinent part: "Actions filed pursuant to this Paragraph against this state or any agency, authority, branch, board, bureau, commission, department, office, or public corporation of this state or officer or employee thereof shall be brought exclusively against the state and in the name of the State of Georgia."

with the Senate's consent, appoint the Revenue Commissioner. The appointment is thus a matter of public record capable of accurate and ready determination by reference to sources whose accuracy cannot reasonably be questioned. See OCGA § 24-2-201 (b) ("A judicially noticed fact shall be a fact which is not subject to reasonable dispute in that it is either: (1) Generally known within the territorial jurisdiction of the court; or (2) Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); see also OCGA § 24-2-220 ("[T]he political makeup and history of this state and the federal government as well as the local divisions of this state . . . and all similar matters of legislative fact shall be judicially recognized without the introduction of proof.").

Although we have found no Georgia case applying OCGA § 24-2-201 or OCGA § 24-2-220 to a court's taking judicial notice of a public official's tenure in office, we have found on this point persuasive federal authority applying Rule 201 of the Federal Rules

of Evidence[9] as well as persuasive Georgia authority applying the

former Georgia Evidence Code.[10]

---

[9] OCGA § 24-2-201 is materially identical to Federal Rule of Evidence 201. When we consider the meaning of a rule in Georgia's current Evidence Code that "is materially identical to a Federal Rule of Evidence," *State v. Almanza*, 304 Ga. 553, 556 (2) (820 SE2d 1) (2018), "we look to decisions of the federal appellate courts construing and applying the Federal Rules, especially the decisions of the United States Supreme Court and the Eleventh Circuit," for guidance. *Glenn v. State*, 302 Ga. 276, 280 (II) (806 SE2d 564) (2017) (citation and punctuation omitted).

[10] For federal cases applying Federal Rule of Evidence 201 see, e.g., *Harris v. Bd. of Supervisors of La. State Univ. & Agricultural & Mechanical College*, 409 Fed. Appx. 725, 727 n.2 (5th Cir. 2010) ("[A]n appellate court may take judicial notice of facts, even if such facts were not noticed by the trial court. . . . That Judge Hicks was not a member of the [Louisiana State University] Board of Supervisors when he presided over this case is capable of accurate and ready determination by reference to the LSU Board of Supervisors' website and meeting minutes, sources whose accuracy cannot reasonably be challenged."); *Fissette v. Dzurenda*, Case No. 3:20-cv-157 (VAB), 2021 U.S. Dist. LEXIS 47283, at *1 n.1 (D. Conn. Mar. 12, 2021) ("The Court may take judicial notice of relevant matters of public record. . . . Mr. Dzurenda was Commissioner of the DOC from 2013 to 2014. Conn. Support Servs. Div., https://www.jud.ct.gov/CSSD/ (last visited Mar. 3, 2021)." (punctuation omitted)); *Adger v. Carney*, C.A. No. 18-2048-LPS, 2020 U.S. Dist. LEXIS 52533, at *12 (D. Del. Mar. 26, 2020) ("[T]he Court takes judicial notice that Governor Carney took office only 14 days prior to . . . February 1, 2017."); *Lefkovits v. State Bd. of Elections*, 400 FSupp. 1005, 1007 n.1 (N.D. Ill. 1975) ("We take judicial notice of the appointment of Jose Vasquez to the office of circuit court judge on January 11, 1975, effective February 1, 1975, by the Illinois Supreme Court to fill the vacancy left by Judge Lefkovits," aff'd, 424 U. S. 901 (96 SCt 1092, 47 LE2d 306) (1976). For former Georgia Evidence Code cases, see *Irwin v. Busbee*, 241 Ga. 567, 568 (247 SE2d 103) (1978) ("This [C]ourt will take judicial notice of the identity of an incumbent holding public office in this state on a particular date." (decided under former Code 1933, § 38-112)); *Jones v. Mills*, 216 Ga. 616, 617-618 (118 SE2d 484) (1961) ("This [C]ourt is bound to take notice of who are the public officers of this State, where

Because Riley was no longer Revenue Commissioner at the time the trial court entered its summary judgment order and subsequent final judgment, an injunction against her in her individual capacity could not give GACE the relief it seeks. See *Williams v. DeKalb County*, 308 Ga. 265, 273 (3) (b) (ii) (840 SE2d 423) (2020) ("[G]iven that the purpose of an injunction is to restrain 'a threatened . . . act of a private individual . . . which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law(,)' OCGA § 9-5-1, [the plaintiff] must show that the person [it] has sued is the one committing the act at issue." (citation omitted)). Riley was no longer "committing the act at issue," that is, collecting the tax GACE alleged to be unconstitutional, before the trial court entered its summary judgment order and final judgment. Because Riley was incapable, in her individual capacity,

the law requires such officers to be commissioned by the Governor." (citation and punctuation omitted) (decided under former Code 1933, § 38-112)); *Hernandez v. Resolution Trust Corp.*, 210 Ga. App. 538, 539 (2) (436 SE2d 534) (1993) ("Judge Bayneum's appointment as a temporary Fulton County superior court judge is thus a matter of public record and Judge Long properly took judicial notice of that fact.").

of giving GACE any of the relief it seeks, the case was moot, and the trial court should have dismissed it rather than ruling on the merits of the parties' cross-motions for summary judgment. See *Barrow v. Raffensperger*, 308 Ga. 660, 666 (2) (b) (842 SE2d 884) (2020) ("[M]ootness is an issue of jurisdiction and thus must be determined before a court addresses the merits of a claim." (citation and punctuation omitted)); *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241) (1986) ("A moot case is one which seeks to determine an abstract question which does not arise upon existing facts or rights." (citation, punctuation and emphasis omitted)); *Metro Atlanta Task Force for the Homeless, Inc. v. Ichthus Community Trust*, 298 Ga. 221, 223 (1) (a) (780 SE2d 311) (2015) (Because "[i]t is incumbent upon this Court, even when not raised by the parties, to inquire into its own jurisdiction," this Court dismissed one of several related appeals on mootness grounds.). Cf. *Ga. Dept. of Human Svcs. v. Addison,* 304 Ga. 425, 428 (1) n.5 (819 SE2d 20) (2018) (where the defendant was no longer employed by the State, "he [could] no longer give the plaintiffs any of the relief they [sought]" and the "appeal as

to him in his individual capacity [was] therefore dismissed as moot"). A court may not address the constitutionality of the tax at issue absent the presence of a proper defendant in the action. See *St. John's Melkite Catholic Church v. Commr. of Revenue*, 240 Ga. 733, 734 (1) (242 SE2d 108) (1978) ("We will not decide the constitutionality of a law where no justiciable case or controversy is presented.").

For these reasons, the trial court's summary judgment order and final judgment are both vacated, and the cases are remanded with direction that Riley be dismissed from the action.

*Judgments vacated and cases remanded with direction in Case Nos. S21A0899 and S21X0900. All the Justices concur.*

Decided March 8, 2022.

OCGA § 15-21-201; constitutional question. Fulton Superior Court. Before Judge Russell.

*Christopher M. Carr, Attorney General, Julie A. Jacobs, Deputy Attorney General, Alex F. Sponseller, Senior Assistant Attorney General, Miles C. Skedsvold, John S. Forbes, Zachariah W. Lindsey, Assistant Attorneys General, Andrew A. Pinson, Solicitor-General, Ross W. Bergethon, Deputy Solicitor-General*, for Riley.

*J. Thomas Morgan III; Freed Grant, Gary S. Freed, Thomas C. Grant, Gerald T. Chichester; Alexander Volokh*, for Georgia Association of Club Executives, Inc.