**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**January 2, 2025**

# In the Court of Appeals of Georgia

A24A1435. PERRY v. EMORY HEALTHCARE SERVICES MANAGEMENT, LLC et al.

BROWN, Judge.

Toni Perry filed a lawsuit against Emory Healthcare Services Management, LLC, Maria Montrice Ford, and Rudolph Delpe-Mompremier (collectively "Defendants"), asserting claims of sexual assault and battery, negligent hiring, retention, and training, negligence, intentional infliction of emotional distress, and punitive damages. Defendants filed motions to dismiss asserting, inter alia, that Perry's claims are barred by the statute of limitation. The trial court agreed and dismissed Perry's complaint with prejudice. Perry appeals, contending that OCGA § 9-3-99 tolled the statute of limitation. For the reasons set forth below, we vacate the trial court's order and remand with direction.

"On appeal, we review the trial court's grant of a motion to dismiss de novo. . . . In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor." (Citation and punctuation omitted.) *Mayorga v. Benton*, 364 Ga. App. 665, 666 (875 SE2d 908) (2022). On November 16, 2023, Perry filed a complaint against Defendants, alleging that while she was a patient at Emory University Hospital on October 6, 2018, Defendant Delpe-Mompremier, an x-ray technician, "touched [Perry's] buttocks with his penis[ and] ejaculated on [her] buttocks." The complaint did not mention tolling of the statute of limitation or that Delpe-Mompremier had been prosecuted. Defendants Emory and Ford filed a motion to dismiss, contending that Perry was required to file her lawsuit within two years of the alleged October 6, 2018 misconduct. See OCGA § 9-3-33 ("actions for injuries to the person shall be brought within two years after the right of action accrues"). Because Perry filed her complaint three years after the expiration of the statute of limitation, they asserted that the complaint must be dismissed as a matter of law under OCGA § 9-11-12 (b). Alternatively, Emory and Ford contended that Perry's complaint should be dismissed because she failed to submit an expert affidavit as required to

maintain her negligence claims under OCGA § 9-11-9.1. Defendant Delpe-Mompremier filed a motion to dismiss based on these same arguments. He further asserted that he had not been properly served before the expiration of the statute of limitation.

Perry responded to Defendants' motions, asserting that OCGA § 9-3-99 tolled the statute of limitation pending resolution of Defendant Delpe-Mompremier's criminal prosecution, which arose out of the incident. According to Perry's response, Defendant Delpe-Mompremier was indicted and prosecuted on charges of sexual assault and his criminal case was finalized on November 2, 2023. Thus, Perry argued, her complaint was timely filed. Perry also filed an amended complaint, attaching an expert affidavit.

The trial court issued an order, finding that Perry's complaint had been filed after the expiration of the applicable two-year statute of limitation and that Perry "provided no evidence in support of her contention" that the statute of limitation had been tolled pursuant to OCGA § 9-3-99 through November 2, 2023, when the criminal prosecution of Defendant Delpe-Mompremier became final.[1] Relying on

---

[1] A hearing was not held, and the trial court's order states it "reviewed the law and evidence presented in briefs."

*Progressive Elec. Svcs. v. Task Force Const.*, 327 Ga. App. 608, 616 (2) (d) (760 SE2d 621) (2014), the trial court concluded it could not take judicial notice of a criminal disposition in a different court. The trial court concluded that it "must find that Plaintiff's Complaint was untimely filed and subject to dismissal." (Emphasis omitted.) The court did not address the Defendants' other arguments in support of dismissal. Perry appeals from this order, contending that her complaint was timely filed under OCGA § 9-3-99.

> A statute of limitation defense goes to the merits of the claim, and is therefore subject to a motion to dismiss under OCGA § 9-11-12 (b) (6). We review the grant of any motion to dismiss de novo, applying the rule that a motion to dismiss should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof.

(Citations and punctuation omitted.) *Mark A. Schneider Revocable Trust v. Hardy*, 362 Ga. App. 149, 150 (1) (867 SE2d 153) (2021). See also *Doe v. Saint Joseph's Catholic Church*, 313 Ga. 558, 561 (2) (870 SE2d 365) (2022). "Whether a cause of action is barred by the statute of limitation generally is a mixed question of law and fact, but the question is one of law for the court when the facts are not disputed." *Harrison v.*

*McAfee*, 338 Ga. App. 393, 395 (2) (788 SE2d 872) (2016). "[T]he defense of statute of limitation is an affirmative defense under OCGA § 9-11-8 (c), and so the burden was on [Defendants] to show that the two-year statute of limitation barred [Perry's] suit." *Brown v. Coast Dental of Ga.*, 275 Ga. App. 761, 767 (1) (622 SE2d 34) (2005). See also *Roberts v. DuPont Pine Products*, 352 Ga. App. 659, 662 (2) (835 SE2d 661) (2019) ("[a] motion to dismiss for failure to state a claim can properly be granted upon an affirmative defense only when the elements of the defense are admitted by the plaintiff or completely disclosed on the face of the pleadings") (citation and punctuation omitted). "The plaintiff bears the burden of establishing that the statute of limitation for her claim is tolled." *Toliver v. Dawson*, 370 Ga. App. 451, 452 (896 SE2d 714) (2023). However,

> only the pleadings — not evidence — are evaluated in a motion to dismiss pursuant to OCGA § 9-11-12 (b) (6).[2] See *Osprey Cove Real Estate v. Towerview Constr.*, 343 Ga. App. 436, 439 (1), n.2 (808 SE2d

---

[2] This Court once stated that "[a] motion to dismiss is an anomalistic vehicle by which to assert an action as time-barred by a statute of limitation." *Goldston v. Bank of Am. Corp.*, 259 Ga. App. 690, 690-691 (577 SE2d 864) (2003). "Generally, a motion for summary judgment is the appropriate vehicle by which to establish a running of the statute of limitation without defense therefor, because it is an evidentiary motion, and it must be shown that the statute of limitation was not tolled by any provision." Id. at 691, n.1.

425) (2017) (noting that "it would have been improper for the trial court to consider . . . evidence when evaluating a motion to dismiss pursuant to OCGA § 9-11-12 (b) (6)").

(Punctuation, footnote, and emphasis omitted.) *McCloud v. Lowndes County Bd. of Commrs.*, 369 Ga. App. 756, 759-760 (1) (894 SE2d 505) (2023). "A motion to dismiss barred claims is properly granted when a complaint shows on its face that the statute of limitation has run and there is no further showing by amendment or by affidavit that a tolling of the statute is possible." (Citation and punctuation omitted.) *Harpe v. Hall*, 266 Ga. App. 340 (596 SE2d 666) (2004). See also *Copeland v. Miller*, 347 Ga. App. 123, 125-126 (1) (817 SE2d 692) (2018); *Mullins v. Belcher*, 159 Ga. App. 520, 521 (2) (284 SE2d 35) (1981). Compare *Goldston v. Bank of Am. Corp.*, 259 Ga. App. 690, 697 (577 SE2d 864) (2003).

"By its plain language, [OCGA § 9-3-99] contemplates extending the time in which a victim may file a tort action where there are pending criminal charges arising out of the same facts or circumstances." (Citation and punctuation omitted.) *Williams v. Durden*, 347 Ga. App. 363, 364 (819 SE2d 524) (2018). The statute provides:

> The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which

6

arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years[.]

OCGA § 9-3-99. It "applies regardless of whether the defendant in the case has been accused of committing the crime from which the cause of action arises." *Harrison*, 338 Ga. App. at 402 (3). "Almost any causal connection or relationship between the defendant and the alleged crime satisfies the statute's requirements." (Citation and punctuation omitted.) *Antley v. Small*, 360 Ga. App. 617, 622 (3) (a) (859 SE2d 881) (2021).

As stated above, the trial court determined that it "must find that [Perry's] Complaint was untimely filed and subject to dismissal" because Perry "provided no evidence in support of her contention," and the court "cannot take judicial notice of a criminal disposition in a different court." (Emphasis omitted.) In reaching the latter conclusion, the trial court relied on *Progressive Elec. Svcs.* In that case, the appellants made assertions regarding pleadings and procedural matters in an underlying lawsuit, but "fail[ed] to point [this Court] to any admissible evidence of such matters in the

7

appellate record." 327 Ga. App. at 616 (2) (d). While the appellants had filed suits in the Superior Courts of Fulton County and Henry County, we stated that "[a] trial court cannot take judicial notice of pleadings and orders of other courts of this State . . . because such issues are a matter of proof that cannot be judicially noticed." Id. In so concluding, we noted that Georgia's former Evidence Code applied in the case. Id. at 616 (2) (d), n.3.

Judicial notice under OCGA § 24-2-201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." OCGA § 24-2-201 (b). A fact is "not subject to reasonable dispute" if it is "[g]enerally known within the territorial jurisdiction of the court," or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." OCGA § 24-2-201 (b) (1)-(2). Thus, under Georgia's current Evidence Code, courts may take judicial notice of filings and other matters of public record. See *Riley v. Ga. Assn. of Club Executives*, 313 Ga. 364, 366 (870 SE2d 405) (2022); *Bd. of Commrs. of Brantley County v. Brantley County Dev. Partners*, 372 Ga. App. 603, 617 (1) (c), n.9 (905 SE2d 685) (2024). See also *Keith v. DeKalb County*, *Georgia*, 749 F3d 1034, 1041 (II), n.18 (11th Cir. 2014) (judicial notice of data on DeKalb County court's record system,

including that individual was indicted for murder in the Superior Court of DeKalb County and subsequent events in the criminal proceedings against him); *McDowell Bey v. Vega*, 588 Fed. Appx. 923, 926-927 (II) (11th Cir. 2014) (district court did not err in taking judicial notice of the clerk's docket in the litigant's underlying state court criminal case in deciding motion to dismiss civil lawsuit); *Pacific-Life Ins. Co. v. Perez*, No. 5:20-CV-485-JSM-PRL, 2021 WL 8825381, at *2 (M.D. Fla. Aug. 5, 2021) (noting that federal courts may take judicial notice of documents filed in other judicial proceedings for the limited purpose of recognizing the subject matter of the litigation and/or issues decided pursuant to Federal Rule of Evidence 201 (b) (2), and taking judicial notice of state court's online docket of individual's criminal proceeding and final disposition).[3]

Pursuant to OCGA § 24-2-201, "[a] court *may* take judicial notice, whether or not requested by a party," and "[a] court *shall* take judicial notice if requested by a party and provided with the necessary information." (Emphasis supplied.) OCGA § 24-2-201 (c)-(d). Judicial notice may be taken at any stage of the proceeding. OCGA

---

[3] Because OCGA § 24-2-201 is materially identical to Federal Rule of Evidence 201, we look to decisions of the federal appellate courts construing and applying the Federal Rules. *Riley*, 313 Ga. at 366, n.9.

§ 24-2-201 (f). Federal courts have interpreted the federal counterpart to OCGA § 24-2-201, Federal Rule of Evidence 201, to mean that "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." (Citation and punctuation omitted.) *Khoja v. Orexigen Therapeutics*, 899 F3d 988, 999 (I) (A) (9th Cir. 2018); *Universal Express v. United States Securities and Exchange Comm.*, 177 Fed. Appx. 52, 53 (11th Cir. 2006) (because complaint filed in separate action in the Southern District of New York was a public document, district court could take judicial notice of complaint and was not obliged to convert the motion to dismiss to one for summary judgment). "In taking judicial notice of a fact, the trial court dispenses with the need for any evidence regarding it." (Citation and punctuation omitted.) *Hunter v. Will*, 352 Ga. App. 479, 484 (2) (833 SE2d 128) (2019) (rejecting appellant's argument that trial court erred in dismissing his appeal based on extrinsic evidence because trial court took judicial notice of the fact that the transmittal of the record had been deleted from the Supreme Court's system). Compare *Hicks v. Gabor*, 354 Ga. App. 714, 717 (1) (b) (841 SE2d 42) (2020) (where trial court relied on evidence other than the pleadings, including several

exhibits attached to the Complaint and the court's judicial notice of its own docket, court converted the motions to dismiss into motions for summary judgment).

The trial court's conclusion that it was prohibited from taking judicial notice of the criminal case against Defendant Delpe-Mompremier, as well as its reliance on *Progressive Elec. Svcs.*, is thus incorrect. And because this conclusion formed the basis — at least in part — of its dismissal of Perry's complaint with prejudice, we vacate the trial court's order and remand the case for proceedings not inconsistent with this opinion.[4] Cf. *RCC Wesley Chapel Crossing v. Allen*, 313 Ga. 69, 76-77 (3) (867 SE2d 108) (2021) (where trial court's ultimate holding was based on an incorrect conclusion of law, trial court's order could not be affirmed).

---

[4] In deciding this appeal, this Court did not consider documents which Perry attached to her motion for reconsideration and which were not part of the record when the trial court ruled on the motion to dismiss. "Consideration of those documents on appeal would be inappropriate." *South v. Bank of America*, 250 Ga. App. 747, 751 (3) (551 SE2d 55) (2001). The trial court did not rule on Perry's motion for reconsideration, which was filed two days after the court entered its order dismissing Perry's complaint. "The motion for reconsideration did not toll the 30-day period for filing a notice of appeal." Id. at 751 (3), n.16. "While the trial court was precluded from ruling on the motion once [Perry] filed [her] notice of appeal, nothing precludes the trial court from considering those arguments[ or documents] on remand." (Citation omitted.) *Moore v. McKinney*, 335 Ga. App. 855, 857 (2), n.3 (783 SE2d 373) (2016) (vacating and remanding based on legal errors in trial court's order).

Although Defendant Delpe-Mompremier contends that this Court should affirm the trial court's dismissal under the right-for-any-reason rationale, because Perry failed to perfect service on him, this issue was not decided by the trial court below.

> Under the right-for-any-reason rule, we
>
> will affirm a judgment if it is correct for any reason, even if that reason is different than the reason upon which the trial court relied. This rule applies to motions for summary judgment and motions to dismiss, so long as the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond.

(Citations and punctuation omitted.) *Rogers v. Dupree*, 340 Ga. App. 811, 816 (2) (799 SE2d 1) (2017). See also *Alred v. Ga. Pub. Defenders Council*, 362 Ga. App. 465, 471, n.13 (869 SE2d 99) (2022). However, we must balance this principle with "[t]he [tenet] that the appellate courts do not rule on issues not ruled on by the trial courts[, which] preserves the appellate courts' jurisdiction and delineates the proper roles of the courts at the trial and appellate levels." *City of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002) (recognizing that both principles "advance substantial

interests," and advising that "the circumstances of individual appeals must guide the appellate courts as to how best to proceed").

In this case, all Defendants argued below that the statute of limitation had run on Perry's claims and additionally that Perry failed to comply with OCGA § 9-11-9.1. Defendant Delpe-Mompremier asserted a third ground: that Perry failed to perfect service on him in Massachusetts. The trial court did not address these alternative grounds. On appeal, Perry and Defendants Emory and Ford address only the issue of tolling. While Defendant Delpe-Mompremier argues in his appellee brief that we should affirm the grant of his motion to dismiss based on the failure to perfect service, Perry has made no argument concerning service on Delpe-Mompremier. Under these circumstances, we decline to address those grounds raised in the Defendants' motions upon which the trial court has not ruled and which have not been properly briefed by all parties on appeal. See *Dodd*, 275 Ga. at 839 ("[T]his case illustrates one of the major dangers of blind, rote application of the 'right-for-any reason' rule without the appellate court's discretion; automatic application of the rule would have resulted in a decision on the merits of the arguments advanced by the [defendant], but without those arguments being properly briefed by all parties on appeal."). See also *Maynard*

*v. Snapchat*, 346 Ga. App. 131, 137 (2) (816 SE2d 77) (2018) (declining to address remaining arguments under right-for-any-reason doctrine). Cf. *Smith v. Camarena*, 352 Ga. App. 797, 802 (2) (835 SE2d 712) (2019). These arguments may be considered on remand, and "[t]he cardinal principle of judicial restraint — if it is not necessary to decide more, it is necessary not to decide more — counsels us to go no further." (Citation and punctuation omitted.) *Moore v. McKinney*, 335 Ga. App. 855, 857 (2) (783 SE2d 373) (2016).

*Judgment vacated and case remanded with direction. Dillard, P. J., and Padgett, J., concur.*